UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ATTICUS MANAGEMENT LLC,

                        Plaintiff,

-against-

ATTICUS INVESTMENTS LLC,
CRESCENT FUND, LLC, JEFFERY STONE
and JANETTE DILLER STONE

                        Defendants.
------------------------------------------------------------------X

Civil Action No. 07 CV 9730 (RPP)

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS ATTICUS INVESTMENTS LLC, CRESCENT FUND LLC, AND JANETTE DILLER STONE

                                                                       KAUFMAN BORGEEST & RYAN LLP
                                                                       Attorneys for Plaintiff,
                                                                       ATTICUS MANAGEMENT LLC
                                                                       99 Park Avenue, 19th Floor
                                                                       New York, New York 10016
                                                                       Telephone No.: (212) 980-9600
                                                                       KBR File No.: 125.001

Of Counsel:

    Jonathan B. Bruno

## PRELIMINARY STATEMENT

Plaintiff Atticus Management LLC respectfully submits this memorandum of law in support of its motion for default judgment against defendants Atticus Investments LLC, Crescent Fund, LLC and Janette Diller Stone (hereinafter collectively "defaulting defendants") under Fed. R. Civ. P. 55(b)(2) and Local Civil Rule 55.2(b).

## BACKGROUND

Plaintiff, the owner of the registered U.S. Federal Trademark "ATTICUS," filed its complaint on November 2, 2007. The complaint alleges, *inter alia*, that defendants Jeffery Stone and Janette Diller Stone, both officers of Atticus Investments LLC and Crescent Fund LLC, have engaged and continue to engage in unauthorized use of the "ATTICUS" mark in commerce and are infringing on Plaintiff's trademark. In its complaint, Plaintiff seeks, *inter alia*, a permanent injunction, prohibiting each of the Defendants from infringing or causing others to infringe Plaintiff's trademark by doing business under the name "ATTICUS," unfairly designating the origin of Defendants' products and/or services, unfairly competing with Plaintiff in any manner, diluting the mark in any manner, and causing a likelihood of confusion or injuries to Plaintiff's business reputation. Plaintiff also seeks a declaratory judgment that Defendants have infringed on Plaintiff's federally registered trademark, "ATTICUS." In addition to equitable relief, Plaintiff is seeking damages in the form of compensatory damages, treble damages, attorney's fees, and punitive damages. See Bruno Decl. Ex. B.

Plaintiff served the summons and complaint upon Atticus Investments LLC on November 29, 2007, Crescent Fund, LLC on November 26, 2007, and Janette Diller Stone on November 13, 2007. See Bruno Decl. Ex. C. No answer, or other response, has been filed by the defaulting

defendants, and their time to do so has long expired. The Clerk of Court noted the defaults on February 21, 2008. See Bruno Decl. Ex. A.

## ARGUMENT

In deciding a motion for default judgment, the Court must consider the following three factors: (1) "whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Mason Tenders Dist. Council v. Duce Constr. Corp., 2003 U.S. Dist. LEXIS 6881, at *2 (S.D.N.Y., Apr. 25, 2003) (Swain, J.).

These factors all weigh heavily in favor of granting Plaintiff's motion. First, the defaulting defendants' non-appearance in this action and failure to respond to the complaint despite Janette Diller Stone being personally served indicates willful conduct. See Bruno Decl. Ex. C. Moreover, the defaulting defendants have been parties to litigation before (also in the Southern District), and thus are familiar with the process of receiving and responding to a summons and complaint. The defaulting defendants have similarly failed to appear in unrelated actions against them and have previously had a default judgment entered against them. See SEC v. Jeffery Steven Stone; Janette Diller Stone; Crescent Fund, LLC et al., Case No. 06-CV-6528 (S.D.N.Y. filed August 17, 2006). Finally, it has been over three months since Plaintiff effectuated service on the defaulting defendants. See Bruno Decl. Ex. C. If the defaulting defendants' failure to respond within the time set forth in the Federal Rules of Civil Procedure was inadvertent or merely due to their carelessness, they have since had ample time in which to rectify their error. In light of all of these factors, the defaulting defendants' non responsiveness can only be considered willful.

Second, the defaulting defendants do not have a meritorious defense. By failing to answer or otherwise respond to the complaint, the allegations are deemed admitted. <u>Au Bon Pain v. Artect, Inc.</u>, 653 F.2d 61 (2d Cir. 1981); <u>Fed. Trade Comm'n v. Kitco of Nevada, Inc.</u>, 612 F. Supp. 1282 (D.C. Minn. 1985) ("When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true, and this rule applies whether the complaint seeks legal or, as in this case, equitable relief."). Furthermore, the complaint references two cease and desist letters sent to the defendants, to which Jeffery Stone responded, essentially admitting that they do in fact use Plaintiff's federally registered trademark "ATTICUS." <u>See</u> Bruno Decl. Ex. B, ¶¶ 28-29, Exs. B-C.

Third, Plaintiff would be prejudiced by the denial of its motion. All four defendants have demonstrated their adeptness at evading service in the past as well as in this matter. This should not translate into their being able to evade judgment and continue to enjoy the ability to unlawfully infringe on Plaintiff's trademark rights.

## CONCLUSION

For the foregoing reasons, Atticus Management LLC's motion for default judgment as against Atticus Investments LLC, Crescent Fund, LLC, and Janette Diller Stone should be granted.

Dated: New York, New York
      February 26, 2008

                                        Respectfully Submitted,

                                        KAUFMAN BORGEEST & RYAN LLP

                                        By: _____
                                            Jonathan B. Bruno
                                        Attorney for Plaintiff,
                                        ATTICUS MANAGEMENT LLC
                                        99 Park Avenue, 19th Floor
                                        New York, New York 10016
                                        (212) 980-9600
                                        File No.: 125.001