UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ATTICUS MANAGEMENT LLC

                Plaintiff,

     -against-

ATTICUS INVESTMENTS LLC,
CRESCENT FUND, LLC, JEFFERY STONE
and JANETTE DILLER STONE

                Defendants.
------------------------------------------------------------------X

Civil Action No. 07-CV-9730 (RPP)

**DECLARATION OF
FRANCIS X. GRAY**

     FRANCIS X. GRAY, a private investigator, declares as follows:

I am a licensed and bonded private investigator for the State of New York who was retained by

Kaufman Borgeest & Ryan LLP, attorneys for the plaintiff herein and as such am fully familiar

with all of the facts and circumstances hereinafter stated. I submit this declaration in support of

Atticus Management LLC's Application for Order Authorizing Alternate Service of Summons

and Complaint upon Defendant Jeffery Stone, pursuant to Fed. R. Civ. P. 4 (f)(3).

     1.     Our preliminary research confirmed that Diller was in fact associated with the

Crescent Fund, as the website for the Crescent Fund, located at www.crescentfund.com was

designed by a web designer whose website, "www.tylerknows.com," is registered to Janette

Diller's son William Tyler Diller. Our research also indicated that there was a company called

the Wakabayashi Fund, which was associated with Diller.

     2.     On November 13, 2007, two of the investigators I hired served the summons and

complaint on, Janette Diller Stone at 362 Davis #3, Greenwich, CT. My investigator was

confirmed based on comparison with subsequently obtained photographs that the woman served

was Diller. See Harkness Decl.

3.    In addition, prior to the service on Diller, our investigators encountered a man at the residence who was referred to and identified himself as "Larry." We also took notice of a BMW that was parked directly in front of the residence.

4.    To confirm that the man who had an encounter with my investigator at the Greenwich, CT address was "Larry" as stated and not Stone evading service, I researched the identification of the license plates of the BMW that was outside of the location and discovered that the BMW was leased to a Larry Talisman residing at 362 Davis Avenue address in Greenwich, CT.

5.    In addition to running the license plates of the BMW, I made several attempts to retrieve photographs from the Texas correctional facility where Stone had been in 2001, to no avail. After the correctional facility initially refused to provide a photograph of Stone, we made several follow up attempts and were eventually successful in obtaining the photograph of Stone. After showing the photograph to the investigator who had met "Larry," she confirmed that "Larry" was not Stone.

6.    After further research and investigative work aimed at contacting Stone at the Crescent Fund, I discovered that the address associated with Stone, Diller and the Crescent Fund, 67 Wall Street in New York, had been moved to 110 Wall Street, 11th Floor in New York. Upon further investigation regarding this new address, the receptionist at 110 Wall Street confirmed that Stone had a phone number at the building and received his mail there as well. She further indicated that he comes and goes infrequently to pick up his mail and that he would stop by usually around noon.

7.    I subsequently met with the Office Manager for Service Resource Industries, the company who rents out space to tenants at 110 Wall St., 11th Floor, who confirmed that he knew

Stone and that he was a client who rented space in the building. The Office Manager informed me that any of Stone's files regarding his rental of the office space was confidential and that he would not release any more information without a subpoena.

8.    After consulting with Plaintiff's attorney, we set up a daytime surveillance at 110 Wall Street to possibly locate Stone while he entered or left the building as per the receptionist's indication. After several days of daytime surveillance during which we were unable to locate Stone, we terminated the surveillance.

9.    Operating under with facts that Diller and Stone are married and that Diller was in fact at the Greenwich, CT address, we turned our surveillance to the Greenwich, CT residence. After consulting with Plaintiff's attorney, we decided to set up a 48-hour surveillance on the property on the third weekend in February.

10.    In the meantime, I followed up with any available information gathered regarding Diller in order to determine if it led to any clues as to the whereabouts of Stone. Referring back to our original background report on Diller, we attempted to locate two vehicles registered to Diller. I discovered that one of the vehicles, a yellow Hummer that had been seen outside of the Greenwich address in an aerial photograph of the property taken in 2007, had been shipped to Japan.

11.    I then followed up with the other company associated with Diller, the Wakabayashi Fund, which was the only known association to the defendants in Japan based on the background check that I had run on Diller. The email that is associated with this company is wakabayashi@wakabayashifund.com.

12.    I called the number listed for the Wakabayashi Fund in Tokyo, Japan and a man answered, identifying himself as Jeffrey Stone. I told Mr. Stone that I had mail for him and was

not sure whether I should send it to his Connecticut, New York, or Tokyo address. Stone instructed me to send all mail to 110 Wall Street in New York and indicated that he would receive that mail. In light of speaking to Stone in Japan, I called off the surveillance of his Greenwich, CT residence.

13.     During this time frame, I also reached out to two other plaintiff's attorneys for unrelated cases in which Stone and Diller were named as defendants. Both attorneys either could not locate or had great difficulty locating Stone and Diller to serve process on them. After confirming with Stone that he was in fact in Japan, I reached out to Steven Kaplan, Esq. of Rosenfeld & Kaplan, LLP who represents Diller and Stone in the SEC action. He informed me that he still represents them and that the SEC action is still pending; however, he would not accept service on their behalf. When I asked how he communicated with Stone, he further informed me that his sole means of communication with Stone is via email. When pointedly asked if Stone is in Japan, he confirmed that fact but would not speak further regarding Stone.

Dated: New York, New York
       February 29, 2008

FRANCIS X. GRAY

Sworn to before me this 29th
day of February, 2008

Notary Public


No. 01CO6175708
Qualified in New York County
Commission Expires October 15, 2011

690427-1