# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X

Index No.: 601588/06

LAIDLAW ENERGY GROUP, INC.,,

Plaintiff,

**VERIFIED ANSWER**

-against-

CRESCENT FUND, LLC, ATTICUS INVESTMENTS, LLC, JEFFREY STONE and JANETTE DILLER STONE,

Defendants.
---------------------------------------------------------------X

Defendants Crescent Fund, LLC, Atticus Investments, LLC, Jeffrey Stone and Janette Diller Stone, by their attorneys, Milber Makris Plousadis & Seiden, LLP, as and for their verified answer to the verified complaint, allege the following upon information and belief:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the verified complaint.

2. Admit that Crescent is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business located at 40 Wall Street, New York, New York. Except as so admitted, deny each and every other allegation contained in paragraph "2" of the verified complaint.

3. Admit that Atticus is a limited liability company organized and existing under the laws of the State of Pennsylvania, with a principal place of business located at 40 Wall Street, New York, New York. Except as so admitted, deny each and every other allegation contained in paragraph "3" of the verified complaint.

4. Admit that Stone is a resident of the State of Connecticut and is an officer of Crescent and Atticus. Except as so admitted, deny each and every other allegation contained in paragraph "4" of the verified complaint.

5. Admit that Diller Stone is a resident of the State of Connecticut and is the President and CEO of both Crescent and Atticus. Except as so admitted, deny each and every other allegation contained in paragraph "5" of the verified complaint.

6. Deny the allegations contained in paragraph "6" of the verified complaint.

7. Admit that on or about July 21, 2005, Crescent entered into a consulting agreement with Laidlaw and beg leave to refer to that agreement for the true content and meaning thereof. Except as so admitted, deny each and every other allegation contained in paragraph "7" of the verified complaint.

8. Admit that on or about July 21, 2005, Atticus entered into an agreement with Laidlaw and beg leave to refer to that agreement for the true content and meaning thereof. Except as so admitted, deny each and every other allegation contained in paragraph "8" of the verified complaint.

9. Deny the allegations contained in paragraph "9" of the verified complaint.

10. Deny the allegations contained in paragraph "10" of the verified complaint.

11. Admit that on or about August 5, 2005, Laidlaw delivered to Crescent 1,700,000 shares of its common stock. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "11" of the verified complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the verified complaint.

13. Paragraph "13" of the verified complaint states legal conclusions to which no response is required.

14. Admit that on or about August 4, 2005, Crescent provided Laidlaw with a letter and beg leave to refer to that letter for the true content and meaning thereof. Except as so

admitted, denies each and every other allegation contained in paragraph "14" of the verified complaint.

15. Deny the allegations contained in paragraph "15" of the verified complaint.

16. Deny the allegations contained in paragraph "16" of the verified complaint.

17. Deny the allegations contained in paragraph "17" of the verified complaint.

18. Deny the allegations contained in paragraph "18" of the verified complaint.

19. Deny the allegations contained in paragraph "19" of the verified complaint.

20. Deny the allegations contained in paragraph "20" of the verified complaint.

21. Deny the allegations contained in paragraph "21" of the verified complaint.

22. Deny the allegations contained in paragraph "22" of the verified complaint.

23. Deny the allegations contained in paragraph "23" of the verified complaint.

24. Deny the allegations contained in paragraph "24" of the verified complaint.

25. Deny the allegations contained in paragraph "25" of the verified complaint.

26. Deny the allegations contained in paragraph "26" of the verified complaint.

27. Deny the allegations contained in paragraph "27" of the verified complaint.

28. Deny the allegations contained in paragraph "28" of the verified complaint.

29. Deny the allegations contained in paragraph "29" of the verified complaint.

30. Deny the allegations contained in paragraph "30" of the verified complaint.

**AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION**

31. Defendants repeat and reallege each response to the allegations contained in paragraphs "1" through "30" of the verified complaint, as if fully set forth at length herein.

32. Deny the allegations contained in paragraph "32" of the verified complaint.

33. Deny the allegations contained in paragraph "33" of the verified complaint.

34. Deny the allegations contained in paragraph "34" of the verified complaint.

35. Deny the allegations contained in paragraph "35" of the verified complaint.

36. Deny the allegations contained in paragraph "36" of the verified complaint.

37. Deny the allegations contained in paragraph "37" of the verified complaint.

**AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION**

38. Defendants repeat and reallege each response to the allegations contained in paragraphs "1" through "37" of the verified complaint, as if fully set forth at length herein.

39. Deny the allegations contained in paragraph "39" of the verified complaint.

40. Deny the allegations contained in paragraph "40" of the verified complaint.

41. Deny the allegations contained in paragraph "41" of the verified complaint.

42. Deny the allegations contained in paragraph "42" of the verified complaint.

43. Deny the allegations contained in paragraph "43" of the verified complaint.

44. Deny the allegations contained in paragraph "44" of the verified complaint.

45. Deny the allegations contained in paragraph "45" of the verified complaint.

46. Deny the allegations contained in paragraph "46" of the verified complaint.

47. Deny the allegations contained in paragraph "47" of the verified complaint.

**AS AND FOR A RESPONSE TO THE THIRD CAUSE OF ACTION**

48. Defendants repeat and reallege each response to the allegations contained in paragraphs "1" through "46" of the verified complaint, as if fully set forth at length herein.

49. Deny the allegations contained in paragraph "49" of the verified complaint.

50. Deny the allegations contained in paragraph "50" of the verified complaint.

51. Deny the allegations contained in paragraph "51" of the verified complaint.

52. Deny the allegations contained in paragraph "52" of the verified complaint.

53. Deny the allegations contained in paragraph "53" of the verified complaint.

54. Deny the allegations contained in paragraph "54" of the verified complaint.

55. Deny the allegations contained in paragraph "55" of the verified complaint.

56. Deny the allegations contained in paragraph "56" of the verified complaint.

57. Deny the allegations contained in paragraph "57" of the verified complaint.

58. Deny the allegations contained in paragraph "58" of the verified complaint.

59. Deny the allegations contained in paragraph "59" of the verified complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "60" of the verified complaint.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "61" of the verified complaint.

62. Deny the allegations contained in paragraph "62" of the verified complaint.

**AS AND FOR A RESPONSE TO THE FOURTH CAUSE OF ACTION**

63. Defendants repeat and reallege each response to the allegations contained in paragraphs "1" through "62" of the verified complaint, as if fully set forth at length herein.

64. Deny the allegations contained in paragraph "64" of the verified complaint.

65. Deny the allegations contained in paragraph "65" of the verified complaint.

66. Deny the allegations contained in paragraph "66" of the verified complaint.

67. Deny the allegations contained in paragraph "67" of the verified complaint.

**AS AND FOR A RESPONSE TO THE FIFTH CAUSE OF ACTION**

68. Defendants repeat and reallege each response to the allegations contained in paragraphs "1" through "67" of the verified complaint, as if fully set forth at length herein.

69. Deny the allegations contained in paragraph "69" of the verified complaint.

70. Deny the allegations contained in paragraph "70" of the verified complaint.

71. Deny the allegations contained in paragraph "71" of the verified complaint.

72. Deny the allegations contained in paragraph "72" of the verified complaint.

73. Deny the allegations contained in paragraph "73" of the verified complaint.

**AS AND FOR A RESPONSE TO THE SIXTH CAUSE OF ACTION**

74. Defendants repeat and reallege each response to the allegations contained in paragraphs "1" through "73" of the verified complaint, as if fully set forth at length herein.

75. Deny the allegations contained in paragraph "75" of the verified complaint.

76. Deny the allegations contained in paragraph "76" of the verified complaint.

77. Deny the allegations contained in paragraph "77" of the verified complaint.

78. Deny the allegations contained in paragraph "78" of the verified complaint.

79. Deny the allegations contained in paragraph "79" of the verified complaint.

80. Deny the allegations contained in paragraph "80" of the verified complaint.

81. Deny the allegations contained in paragraph "81" of the verified complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

82. The Complaint fails to state a cause of action against defendants.

WHEREFORE, defendants Crescent Fund, LLC, Atticus Investments, LLC, Jeffrey Stone and Janette Diller Stone, demand judgment:

(A) Dismissing the verified complaint;

(B) Awarding it the costs and disbursements of this action; and

(C) Awarding it legal fees and such other and further relief that this Court may deem just and proper.

Dated: Woodbury, New York
July 14, 2006

MILBER MAKRIS PLOUSADIS
& SEIDEN, LLP

Joseph J. Cooke, Esq.
Attorneys for Defendants
1000 Woodbury Road, Suite 402
Woodbury, New York 11797
(516) 712-4000
File No.: 812-5

TO:

Stuart L. Melnick, Esq.
Law Offices of Stuart L. Melnick, LLC
Attorneys for Plaintiff
747 Third Avenue – Fourth Floor
New York, NY 10017
(212) 319-4200

# EXHIBIT B

JUDGE PATTERSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

ATTICUS MANAGEMENT LLC

Plaintiff,

-against-

ATTICUS INVESTMENTS LLC, CRESCENT FUND, LLC, JEFFERY STONE and JANETTE DILLER STONE

Defendants.

---------------------------------------------------------------X

'07 CIV 9730

COMPLAINT

NOV 02 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, Atticus Management LLC, ("Plaintiff"), by its attorneys, Kaufman Borgeest & Ryan LLP, as and for its complaint against Defendants, Atticus Investments LLC ("Atticus Investments"), Crescent Fund, LLC ("Crescent"), Jeffery Stone ("Stone") and Janette Diller Stone ("Diller Stone"), avers as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. ("the Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. 1221 and 28 U.S.C. 1338(a). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal claims brought herein as to form part of the same case or controversy.

2. Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendants reside and/or maintain a principal place of business in this district within the meaning of 28 U.S.C. § 1391(c).

**PARTIES**

3.    Plaintiff is an active foreign limited liability company, formed on February 25, 1998 in Delaware, with its principal place of business located at 767 Fifth Avenue, New York, NY 10153.

4.    Plaintiff is the successor in interest of Atticus Partners, L.P., the original owner and registrant of the mark "ATTICUS." Plaintiff, which is the general partner to Atticus Capital LP, is the owner of the registered U.S. Federal Trademark "ATTICUS," Registration Number 2,098,746, International Class ("IC") 036 for use in connection with financial services, namely investment fund management. Plaintiff's first use of its mark "ATTICUS" in commerce was on January 1, 1996.

5.    The "ATTICUS" trademark registration received incontestability status on or about November 14, 2003.

6.    Atticus Capital LP is a top New York based investment management firm with offices in London, England and over $18 billion under management as of September 30, 2007.

7.    Crescent is a limited liability company organized and existing under the laws of the State of Delaware, with a principal of business located at 40 Wall Street, New York, New York 10005. Upon information and belief, at all times material, Crescent was and remains a private equity consulting and promotional firm that purports to provide corporate capitalization and investor relations consulting services to both established and emerging companies.

8.    Atticus Investments is a limited liability company organized and existing under the laws of Pennsylvania, with a principal place of business located at 40 Wall Street, New York, New York 10005. Upon information and belief, since the time of its formation, Atticus Investments has allegedly served as the financing arm of The Crescent Fund.

9. Upon information and belief, Jeffery Stone and Janette Diller Stone are both citizens and residents of the state of Connecticut, with a principal place of business located at 40 Wall Street, New York, NY 10005.

10. Upon information and belief, at all relevant times, Stone is an officer, director and/or principal of Crescent and Atticus Investments. At all relevant times, Stone has had direct involvement and participation in both companies' daily activities and operations.

11. Upon information and belief, at all relevant times, Diller Stone is President and CEO of both Crescent and Atticus Investments, with direct involvement and participation in both companies' daily activities and operations.

12. Upon information and belief, while both Crescent and Atticus Investments purport to have other officers and directors, Stone and Diller Stone control both entities. As such, neither Crescent nor Atticus Investments can enter into any agreement with any third-party without the express approval of Stone, Diller Stone, or both.

13. Defendants are individuals or business entities, who upon information and belief, are acting in concert and active participation with each other in committing the wrongful acts alleged herein.

## CIVIL AND CRIMINAL ACTIONS AGAINST DEFENDANTS

14. Defendants Stone and Diller Stone have been accused of illegal activity, including but not limited to securities fraud in violation of numerous provisions of federal securities laws.

15. On September 21, 1999, Defendant Stone pleaded guilty to one count of conspiracy to commit wire fraud and commercial bribery in violation of 18 U.S.C. §371, and two counts of wire fraud in violation of 18 U.S.C. §§ 2, 1343 and 1346. See United States v. Jeffrey Stone, 97-Cr-01034 (JSM).

16.    On the basis of Defendant Stone's guilty plea, he was sentenced to three years imprisonment, followed by three years of supervised release, and ordered to pay a fine of $50,000.

17.    Stone has been described in a U.S. Securities and Exchange Commission Litigation Release as a "recidivist securities law violator." see Exhibit A.

18.    On August 16, 2006, a complaint was filed by the Securities and Exchange Commission ("SEC") charging Defendants Stone, Diller Stone and Crescent with securities fraud. See SEC v. Jeffery Steven Stone; Janette Diller Stone; Crescent Fund, LLC. et al. Case No. 06-CV-6528 (S.D.N.Y. filed August 17, 2006).

19.    The complaint makes multiple references to Atticus Investments' role in the market manipulation scheme alleged against Defendants Stone and Diller Stone.

20.    The SEC made multiple attempts over the course of months to serve Defendants Stone and Diller, which the Defendants evaded.

21.    The SEC action is currently pending and the pleadings filed with the Court in that action are currently available to the general public.

22.    On May 5, 2006, a complaint was filed by Laidlaw Energy Group, Inc. in the Supreme Court of the State of New York, County of New York, charging Defendants Stone, Diller Stone, Crescent and Atticus Investments with Fraudulent Inducement, Fraud and Intentional Misrepresentation, Unjust Enrichment and Conversion for their alleged role in illegally trading restricted stock. See Laidlaw Energy Group, Inc., v. Crescent Fund, LLC, et al. Index No. 06/601588 (N.Y. Sup. filed May 5, 2006).

23.    Defendants filed a Verified Answer, in which they admit that Stone is an officer of Crescent and Atticus Investments and Diller Stone is President and CEO of both Crescent and

Atticus Investments. Defendants further admit to holding themselves out under the name Atticus, with a principal place of business in New York, New York.

24. This Laidlaw action is currently pending and the pleadings filed with the Court in that action are currently available to the general public.

## ALLEGATIONS

25. On or about, March 14, 2007, Plaintiff learned that Atticus Investments was using the service mark "ATTICUS" and doing business under that name.

26. On August 8, 2007, Plaintiff sent a Cease and Desist Letter to what was believed to be the Defendants' place of business, as well as their place of residence. The letters requested that Defendants cease using the "ATTICUS" mark in any manner in any place that it does business in order to eliminate the likelihood of confusion and possible inaccurate affiliation with Atticus Management. The letters were sent via regular mail and certified mail with a return receipt requested. The letters were all returned to sender.

27. On August 23, 2007, Plaintiff sent a second round of Cease and Desist letters to the Defendants.

28. On or about August 28, 2007, Plaintiff's Counsel received a copy of the August 23, 2007 Cease and Desist letter (which was sent to Atticus Investments LLC at 67 Wall Street, New York, New York 10005) with a handwritten response from Stone in which he denies using the name Atticus for approximately two years, describes it as "dormant entity," and claims Atticus is "a different name altogether." see Exhibit B.

29. On October 1, 2007, Plaintiff's Counsel received a copy of the August 23, 2007 Cease and Desist letter (which was sent to 362 Davis Ave. #1, Greenwich, Connecticut 06830, which upon information and belief is Defendant Stone and Diller Stone's residential address)

with another handwritten response from Stone that read, "We are Atticus Investment LL [sic] not Atticus Management LLC..." see Exhibit C.

30. Defendants are using the name "ATTICUS," which is Plaintiff's federally registered service mark.

31. As of the date of filing of this complaint, the Pennsylvania Department of Corporations lists the Defendant Atticus Investments' status as "Active." see Exhibit D.

32. At all relevant times, defendants have refused any and all attempts to comply with Plaintiff's request that Defendants cease and desist use of the "ATTICUS" mark and provide Plaintiff with written assurance that Defendants will cease and desist use of the "ATTICUS" mark.

**FIRST CAUSE OF ACTION**
**FOR FEDERAL TRADEMARK INFRINGMENT**

33. Paragraphs 1 through 32 are repeated and realleged as if fully set forth herein.

34. Plaintiff owns the federally registered service mark "ATTICUS", entitled to protection under the Lanham Act.

35. Defendants' use of the mark "ATTICUS" constitutes an unauthorized use of the mark in commerce and is likely to cause consumer confusion.

36. Defendants' conduct constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1) and Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

**SECOND CAUSE OF ACTION**
**FOR CONTRIBUTORY TRADEMARK INFRINGEMENT**

37. Paragraphs 1 through 36 are repeated and realleged as if fully set forth herein.

38. Defendant Crescent was aware of the Defendants Stone, Diller Stone, and Atticus Investments' unauthorized use of the "ATTICUS" mark.

39. Defendant Crescent benefited from the unauthorized use of the mark "ATTICUS" in the form of Crescent's financing arm, Atticus Investments.

40. Defendant Crescent's conduct constitutes contributory trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1) and Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

**THIRD CAUSE OF ACTION**
**FOR UNFAIR COMPETITION UNDER THE LANHAM ACT**

41. Paragraphs 1 through 40 are repeated and realleged as if fully set forth herein.

42. Plaintiff owns a valid, federally registered trademark entitled to protection under the Lanham Act.

43. Defendants' unauthorized use of the mark in commerce is likely to cause consumer confusion as to the origin or sponsorship of Defendants' services and the association of Defendants' services with Plaintiff or Plaintiff's services.

44. Defendants' conduct constitutes a false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

45. Defendants' conduct constitutes a violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

**FOURTH CAUSE OF ACTION**
**FOR COMMON LAW UNFAIR COMPETITION**

46. Paragraphs 1 through 45 are repeated and realleged as it fully set forth herein.

47. Defendants' unauthorized use of the Plaintiff's mark in commerce is likely to cause consumer confusion and induce consumers to believe that the Plaintiff and Defendants or their services are affiliated.

48. Defendants have misappropriated Plaintiff's mark, reputation, and good will through their actions.

49. Even after explicitly being informed of their unauthorized use, Defendants continue to engage in an unauthorized use of the Plaintiff's mark.

50. Defendants have acted deliberately and with bad faith.

51. Defendants have engaged in unfair methods of competition in violation of the common law.

52. As a result of Defendants' conduct, Plaintiff is likely to be vulnerable to a damaged reputation because of consumer confusion as to the origin or sponsorship of Defendants' services and the association of Defendants' services with Plaintiff or Plaintiff's services, and loss of profits.

**FIFTH CAUSE OF ACTION**
**FOR DILUTION UNDER N.Y. Gen Bus. Law §360-1**

53. Paragraphs 1 through 52 are repeated and realleged as if fully set forth herein.

54. By virtue of Defendant Stone's prior conviction and involvement in illegal activities and the pending charges against Defendant Diller Stone, the Defendants' unauthorized use of plaintiff's rightfully held mark "ATTICUS" in association with services of a similar nature to those of Plaintiff impairs the mark's ability to serve as a unique identifier of the plaintiff's services and impairs the mark's ability to carry associations of quality.

55. Defendants' conduct has diluted the conclusively presumed distinctive quality of Plaintiff's incontestable mark and/or has a likelihood of injury to Plaintiff's business reputation in violation of N.Y. Gen. Bus. Law §360-l.

56. Defendants' conduct constitutes blurring and tarnishment, in violation of N.Y. Gen. Bus. Law §360-1.

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants as follows:

A. A permanent injunction, prohibiting each Defendant, its agents, servants, employees, officers, attorneys, and all other persons in active concert or participation with them, from:

1. infringing, or causing any other entity to infringe, Plaintiff's trademark and/or service mark rights by doing business under the name "ATTICUS" or representing themselves in any way using the name "ATTICUS" alone or in conjunction with any other names or words.
2. unfairly designating the origin of Defendants' products and/or services, or otherwise creating confusion regarding the origin of Defendants' services.
3. unfairly competing with Plaintiff in any manner whatsoever;
4. acting, or causing another entity to act, in any manner likely to dilute, tarnish, or blur the distinctiveness of the "ATTICUS" mark;
5. causing a likelihood of confusion or injuries to Plaintiff's business reputation.

B. A declaratory judgment that Defendants have infringed on Plaintiff's federally registered trademark, "ATTICUS."

C.    An order directing each Defendant, its agents, servants, employees, franchisees, licensees, attorneys, and all others in active concert or participation with Defendants to deliver to Plaintiff any agreements between Defendants and any other party or parties that relate to the use of the ATTICUS mark in any way whatsoever;

D.    Pursuant to 15 U.S.C. §1116, an order directing each Defendant to file with this Court and serve on Plaintiff within thirty (30) days after the service of the injunction, a report in writing, under oath, that describes in detail the manner and form in which each Defendant has complied with the orders of this Court;

E.    An order directing an accounting to determine all gains, profits, savings, and advantages obtained by each Defendant as a result of its wrongful actions;

F.    Awarding restitution to Plaintiff of all gains, profits, savings, and advantages obtained by each Defendant as a result of its wrongful actions;

G.    Awarding Plaintiffs all damages caused by each Defendant's wrongful actions;

H.    Awarding Plaintiffs treble the amount of its damages, together with the costs of this suit, including reasonable attorneys' fees and expenses and prejudgment interest;

I.    Awarding Plaintiff an amount sufficient to conduct a corrective advertising campaign to dispel the effects of Defendants' wrongful conduct and confusing and misleading uses of the mark "ATTICUS;"

J.    Awarding Plaintiff punitive damages in an amount sufficient to deter other and future similar conduct by Defendants and others;

K.    Granting Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated: New York, New York
November 2, 2007

Respectfully Submitted,

KAUFMAN BORGEEST & RYAN LLP

By: Jonathan B. Bruno
Attorney for Plaintiff,
ATTICUS MANAGEMENT LLC
99 Park Avenue, 19th Floor
New York, New York 10016
(212) 980-9600
File No.: 125.001

# EXHIBIT A



U.S. Securities and Exchange Commission

**U.S. SECURITIES AND EXCHANGE COMMISSION**

**Litigation Release No. 19805 / August 17, 2006**

***SEC v. Jeffery Steven Stone, et al.*, Case No. 06-CIV-6258 (HB) (S.D.N.Y. filed Aug. 17, 2006)**

**SEC Charges Ex-Con in Stock Manipulation Scheme Involving San Francisco-Based Tech Company**

The Securities and Exchange Commission today charged a former felon and his wife with orchestrating a fraud scheme to inflate the price of WebSky, Inc., a San Francisco-based penny stock company, using spam email. The couple pocketed more than $1 million in proceeds as a result of the scam.

The Commission's complaint alleges that Jeffery Steven Stone of Greenwich, Connecticut, and his wife, Janette Diller Stone, using entities they controlled, acquired massive amounts of WebSky stock under false pretenses, hired stock promoters to hype the stock in false spam emails, and then dumped their shares into the unsuspecting market. Stone is a recidivist securities law violator, having been convicted of fraud in a prior market manipulation scheme and found liable in civil proceedings by the Commission.

According to the complaint, Stone and Diller bought 288 million shares from WebSky based on false promises that the shares were being acquired for investment purposes and not as a means of distributing shares to the public. Within days, the two began selling the shares to third parties. Stone and Diller also engineered a spam email campaign that falsely portrayed WebSky - a start-up Internet company with virtually no revenues or profits - as having a successful joint venture in Argentina that would result in over $40 million in annual revenues. In reality, WebSky's CEO had forbidden them from sending the spam email and informed them that WebSky's Argentina deal was no longer viable.

The complaint alleges that, as a result of Stone and Diller's fraud, WebSky's stock price soared by over 300% on trading volume almost 20 times greater than normal, after which Stone and Diller sold their WebSky shares. Combined with proceeds from other stock sales during the scheme, Stone and Diller received more than $1 million in proceeds.

The Commission also brought charges against WebSky and its CEO, Douglas Haffer, of Oakland, California, for selling WebSky shares in a subsequent transaction to an entity controlled by Stone and Diller without registering the transaction or securing an exemption from registration. Subject to court approval, WebSky and Haffer have agreed to settle the action, without admitting or denying the allegations, by disgorging the $35,000 received in the sale and consenting to a permanent injunction

against future violations of the registration provisions of the federal securities laws. Haffer also has agreed to pay a $25,000 civil penalty.

The complaint, filed in federal court in New York, New York, charges Stone and Diller with violating the antifraud, registration, and other provisions of the federal securities laws. The complaint also names two entities controlled by the Stones, Crescent Fund, LLC, based in New York, New York, and Pedracar, Inc, a Pennsylvania company.

*http://www.sec.gov/litigation/litreleases/2006/lr19805.htm*

---

Home | Previous Page

Modified: 08/17/2006

# EXHIBIT B

KAUFMAN BORGEEST & RYAN LLP

ATTORNEYS AT LAW

99 PARK AVENUE
NEW YORK, NEW YORK 10016

TELEPHONE: 212.980.9600
FACSIMILE: 212.980.9291
www.kbrlaw.com

ANDREW S. KAUFMAN
WAYNE E. BORGEEST
JULIANNA RYAN
LEE E. BERGER
LORETTA A. KREZ
JOAN M. GILBRIDE
JONATHAN D. RUBIN
JUDITH M. FISHER
A. MICHAEL FURMAN
MICHAEL P. MEZZACAPPA
DOUGLAS J. FITZMORRIS
STEVEN D. WEINER
SCOTT A. SCHECHTER
CHRISTOPHER E. DiGIACINTO
ANN MARIE COLLINS
JONATHAN B. BRUNO
PAUL J. COLUCCI
MARGARET J. DAVINO
JEFFREY C. GERSON
ROCCO P. MATRA
JOHN B. MULLAHY

OF COUNSEL
MARIBETH SLEVIN
SHERRI M. FELDMAN

APPELLATE COUNSEL
JACQUELINE MANDELL

JONATHAN R. HAMMERMAN
HEATHER LASCHEWER
CAROL S. DOTY
BARBARA-ANN M. COSTELLO
MELINDA B. MARGOLIES
JEFFREY S. WHITTINGTON
ELIZABETH O'BRIEN TOTTEN
RICHARD A. PRETTI
REBECCA KILDUFF
KRISTOPHER M. DENNIS
CHRISTINE HEENAN
BELINDA DODDS-MARSHALL
JULIE A. KEEGAN
STEPHANIE B. GITNIK
JEFFREY W. KLEINER
JENNIFER BIRNBAUM
MICHAEL R. JANES
R. EVON HOWARD
LEONARD B. COOPER
ANDREW R. JONES
JAMES T. DE SILVA

KEITH L. KAPLAN
VINCENT C. ANSALDI
DAVID J. VARRIALE
DOUGLAS J. DOMSKY
TIMOTHY E. MCCARTHY
JEFFREY A. GRALNICK
TRACEY REISER-PETERSON
KATHERINE J. O'BRIEN
DAMIEN SMITH
ANDREW S. KOWLOWITZ
MATTHEW M. FERGUSON
D. RYAN BLOOMQUIST
CRISTINA LA MARCA
EDWARD P. NORIEGA
MATTHEW SPERGEL
PAUL T. CURLEY
ROBERT A. BENJAMIN
KATHRYN C. COLLINS
JANINE C. GALLELLA
ELAN R. KANDEL
BRIAN M. SHER
PAIGE E. COOPERMAN
MARGARET M. O'CONNOR
JOSHUA E. SANDBERG

THOMAS L. CALLIVAN
EILEEN R. FULLERTON
CORRIE A. HURM
DENNIS J. DOZIS
LYNN M. DUKETTE
RISA D. TARKOFF
MILLI SHAH
LAURA B. JUFFA
JOSEPH P. DePAOLA
KATELIN E. O'ROURKE
BETSY PHILIP
SARA K. WALKER
KERI B. WASSERSTEIN
REMI D. FLAISHMAN
MELISSA A. MANNING
THOMAS LOOKSTEIN

ALSO ADMITTED IN PA
ALSO ADMITTED IN NJ
ALSO ADMITTED IN DC
ALSO ADMITTED IN CT
ALSO ADMITTED IN MA
ALSO ADMITTED IN TX
ALSO ADMITTED IN FL
ALSO ADMITTED IN CA
ADMITTED IN NJ ONLY
ADMITTED IN CA ONLY
BARRISTER AT LAW ADMITTED IN ENGLAND & WALES

August 23, 2007

**VIA REGULAR MAIL AND**
**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Janette Diller
Atticus Investments, LLC
67 Wall Street
New York, NY 10005

**Re: Cease and Desist use of "ATTICUS" mark**

Dear Ms. Diller:

This office represents Atticus Management LLC, owner of the registered service mark "ATTICUS." It was recently brought to our attention that Atticus Investments, LLC has been using the service mark of Atticus Management, LLC. Atticus Management LLC, which is the general partner to Atticus Capital LP, owns the mark "ATTICUS," a registered U.S. Federal Trademark, Registration Number 2,098,746. A copy of the federal registration is enclosed. Atticus Management LLC's first use of its mark "ATTICUS" was on January 1, 1996.

Your use of the "ATTICUS" mark constitutes a trademark infringement and confuses consumers and the public into believing that Atticus Investments, LLC is associated with, affiliated with, authorized by, or sponsored by trademark owner Atticus Management LLC, which it is not.

Atticus Management LLC demands that Atticus Investments, LLC immediately cease and desist use of the "ATTICUS" mark in any manner in the States of Delaware, New York or anywhere else it may do business in order to eliminate any likelihood of confusion and the possibility of an inaccurate affiliation with Atticus Management LLC. The unlicensed use of the "ATTICUS" mark is a violation of trademark law[1] and is not permitted; consequently we ask for immediate written assurances that you will cease and desist as well as the date on which you will last use the mark.

[1] See Lanham Act, 15 U.S.C. 1125(a), (d)

P.01 212 943 4949 212 943 4949 AUG-23-2007 14:52

Atticus Investments, LLC
Cease and Desist
August 23, 2007
Page 2 of 2

Unless such assurances are received within ten (10) days, we will have no choice but to take appropriate action to protect our client's interests. Please be advised that this letter shall not be deemed to be a waiver of Atticus Management LLC's rights or remedies, which are expressly reserved.

Should you have questions or concerns, do not hesitate to contact me. Thank you, in advance, for your consideration.

Very truly yours,

KAUFMAN BORGEEST & RYAN LLP

[signature]

Jonathan B. Bruno

Encl.
cc: Atticus Management LLC
628056-1

Jonathan:
Firstly, you are full of shit: We have not used the name Atticus for approximately 2 years. Essentially, a dormant entity and further, a different name, altogether.
Do what you have to do. You are wasting time.
Very Truly Yours,
Jeff Stone

KAUFMAN BORGEEST & RYAN LLP

Int. Cl.: 36

Prior U.S. Cls.: 100, 101 and 102

Reg. No. 2,098,746

Registered Sep. 23, 1997

# United States Patent and Trademark Office

## SERVICE MARK
## PRINCIPAL REGISTER

## ATTICUS

ATTICUS PARTNERS, L.P. (DELAWARE LIMITED PARTNERSHIP)
153 EAST 53RD STREET
NEW YORK, NY 10022

FOR: FINANCIAL SERVICES, NAMELY INVESTMENT FUND MANAGEMENT, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-1-1996; IN COMMERCE 1-1-1996.

SER. NO. 75-057,544, FILED 2-13-1996.

DAVID H. STINE, EXAMINING ATTORNEY

# EXHIBIT C

KAUFMAN BORGEEST & RYAN LLP
ATTORNEYS AT LAW

99 PARK AVENUE
NEW YORK, NEW YORK 10016

TELEPHONE: 212.980.9600
FACSIMILE: 212.980.9291
www.kbrlaw.com

ANDREW S. KAUFMAN
WAYNE E. BORGEEST
JULIANNA RYAN
LEE E. BERGER
LORETTA A. KREZ
JOAN M. GILBRIDE
JONATHAN D. RUBIN
JUDITH M. FISHER
A. MICHAEL FURMAN
MICHAEL P. MEZZACAPPA
DOUGLAS J. FITZMORRIS
STEVEN D. WEINER
SCOTT A. SCHECHTER
CHRISTOPHER E. DIGIACINTO
ANN MARIE COLLINS
JONATHAN B. BRUNO
PAUL J. COLUCCI
MARGARET J. DAVINO
JEFFREY C. GERSON
ROCCO P. MATRA
JOHN B. MULLAHY

OF COUNSEL
MARIBETH SLEVIN
SHERRI M. FELDMAN

APPELLATE COUNSEL
JACQUELINE MANDELL

JONATHAN R. HAMMERMAN
HEATHER LASCHEWER
CAROL S. DOTY
BARBARA-ANN M. COSTELLO
MELINDA B. MARGOLIES
JEFFREY S. WHITTINGTON
ELIZABETH O'BRIEN TOTTEN
RICHARD A. PRETTI
REBECCA KILDUFF
KRISTOPHER M. DENNIS
CHRISTINE HEENAN
BELINDA DODDS-MARSHALL
JULIE A. KEEGAN
STEPHANIE B. GITNIK
JEFFREY W. KLEINER
JENNIFER BIRNBAUM
MICHAEL R. JANES
R. EVON HOWARD
LEONARD B. COOPER
ANDREW R. JONES
JAMES J. DE SILVA

KEITH L. KAPLAN
VINCENT C. ANSALDI
DAVID J. VARRIALE
DOUGLAS J. DOMSKY
TIMOTHY E. MCCARTHY
JEFFREY A. GRALNICK
TRACEY REISER-PERTOSO
KATHERINE J. O'BRIEN
DAMIEN SMITH
ANDREW S. KOWLOWITZ
MATTHEW M. FERGUSON
D. RYAN BLOOMQUIST
CRISTINA LA MARCA
EDWARD R. NORIEGA
MATTHEW SPERGEL
PAUL T. CURLEY
ROBERT A. BENJAMIN
KATHRYN C. COLLINS
JANINE C. CIALLELLA
ELAN R. KANDEL
BRIAN M. SHER
PAIGE E. COOPERMAN
MARGARET M. O'CONNOR
JOSHUA B. SANDBERG

THOMAS L. GALLIVAN
EILEEN R. FULLERTON
CORRIE A. HURM
DENNIS J. DOZIS
LYNN M. DUKETTE
RISA D. TARKOFF
MILLI SHAH
LAURA B. JUFFA
JOSEPH P. DePAOLA
KATELIN B. O'ROURKE
BETSY PHILIP
SARA K. WALKER
KERI B. WASSERSTEIN
REMI D. FLAISHMAN
MELISSA A. MANNING
THOMAS LOOKSTEIN

ALSO ADMITTED IN PA
ALSO ADMITTED IN NJ
ALSO ADMITTED IN DC
ALSO ADMITTED IN CT
ALSO ADMITTED IN MA
ALSO ADMITTED IN TX
ALSO ADMITTED IN FL
ALSO ADMITTED IN CA
ADMITTED IN NJ ONLY
ADMITTED IN CA ONLY
BARRISTER AT LAW ADMITTED IN ENGLAND & WALES

August 23, 2007

**VIA REGULAR MAIL AND**
**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Janette Diller
Atticus Investments, LLC
362 Davis Ave., #1
Greenwich, CT 06830

We are Atticus Investment LLC not Atticus Management, LLC - so again, you are full of shit.

**Re: Cease and Desist use of "ATTICUS" mark**

Dear Ms. Diller:

[signature]

This office represents Atticus Management LLC, owner of the registered service mark "ATTICUS." It was recently brought to our attention that Atticus Investments, LLC has been using the service mark of Atticus Management, LLC. Atticus Management LLC, which is the general partner to Atticus Capital LP, owns the mark "ATTICUS," a registered U.S. Federal Trademark, Registration Number 2,098,746. A copy of the federal registration is enclosed. Atticus Management LLC's first use of its mark "ATTICUS" was on January 1, 1996.

Your use of the "ATTICUS" mark constitutes a trademark infringement and confuses consumers and the public into believing that Atticus Investments, LLC is associated with, affiliated with, authorized by, or sponsored by trademark owner Atticus Management LLC, which it is not.

Atticus Management LLC demands that Atticus Investments, LLC immediately cease and desist use of the "ATTICUS" mark in any manner in the States of Delaware, New York or anywhere else it may do business in order to eliminate any likelihood of confusion and the possibility of an inaccurate affiliation with Atticus Management LLC. The unlicensed use of the "ATTICUS" mark is a violation of trademark law[1] and is not permitted; consequently we ask for immediate written assurances that you will cease and desist as well as the date on which you will last use the mark.

[1] See Lanham Act, 15 U.S.C. 1125(a), (d)

# EXHIBIT D

PENNSYLVANIA
Department of State

## Corporations

Online Services | Corporations | Forms | Contact Corporations | Business Services

Search
By Business Name
By Business Entity ID
Verify
Verify Certification
Online Orders
Register for Online Orders
Order Business List
My Images
Search for Images

**Date:** 10/25/2007

**Business Entity Filing History**
(Select the link above to view the Business Entity's Filing History)

### Business Name History

| **Name** | **Name Type** |
|---|---|
| ATTICUS INVESTMENTS LLC | Current Name |

### Limited Liability Company - Domestic - Information

| | |
|---|---|
| **Entity Number:** | 3309635 |
| **Status:** | Active |
| **Entity Creation Date:** | 5/26/2005 |
| **State of Business.:** | PA |
| **Principal Office Address:** | % NATIONAL CORPORATE RESEARCH LTD<br><br>PA - |
| **Mailing Address:** | No Address |

Home | Site Map | Site Feedback | View as Text Only | Employment

Commonwealth of
PA
Home

Copyright © 2002 Pennsylvania Department of State. All Rights Reserved.
Commonwealth of PA Privacy Statement

https://www.corporations.state.pa.us/corp/soskb/Corp.asp?2186586 10/25/2007

# EXHIBIT C

Index # 07 civ 9730

Purchased/Filed: November 2, 2007

# AFFIDAVIT OF SERVICE ON A CORPORATION BY THE SECRETARY OF STATE

State of New York U. S. District Court Southern Dist. County

Atticus Management LLC Plaintiff

against

Atticus Investments LLC, Crescent Fund, LLC; et al Defendant

STATE OF NEW YORK )
COUNTY OF ALBANY ) SS
CITY OF ALBANY )

**DESCRIPTION OF PERSON SERVED:** Approx. Age: 45 Yrs.

Weight: 120 Lbs. Height: 5' 0" Sex: Female Color of skin: White

Hair color: Brown Other:

Robin Brandow, being duly sworn, deposes and says: deponent is over the age of eighteen (18) years; that on November 29, 2007, at 11:30am, at the office of the Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed Summons in a Civil Action and Complaint on Atticus Investments LLC, the Defendant in this action, by delivering to and leaving with Carol Vogt, AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the Office of the Secretary of State of the State of New York, one (1) true copy thereof and that at the time of making such service, deponent paid said Secretary of State a fee of 40.00 dollars; That said service was made pursuant to Section LIMITED LIABILITY COMPANY LAW §304 .

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said defendant.

Sworn to before me on this

29th day of November, 2007

[signature]

FAITH COZZY
NOTARY PUBLIC, State of New York
No. 01CO6158874, Albany County
Commission Expires Jan 8, 2011

[signature]

Robin Brandow

**Invoice•Work Order #** 0723625

Index # 07 civ 9730

Purchased/Filed: November 2, 2007

# AFFIDAVIT OF SERVICE ON A CORPORATION BY THE SECRETARY OF STATE

State of New York U. S. District Court Southern Dist. County

Atticus Management LLC Plaintiff

against

Atticus Investments LLC, Crescent Fund, LLC; et al Defendant

STATE OF NEW YORK )
COUNTY OF ALBANY ) SS
CITY OF ALBANY )

**DESCRIPTION OF PERSON SERVED:** Approx. Age: 45 Yrs.

Weight: 120 Lbs. Height: 5' 0" Sex: Female Color of skin: White

Hair color: Brown Other: ________

Robin Brandow, being duly sworn, deposes and says: deponent is over the age of eighteen (18) years; that on November 26, 2007, at 9:00am, at the office of the Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed Summons in a Civil Action and Complaint on Crescent Fund, LLC, the Defendant in this action, by delivering to and leaving with Carol Vogt, AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the Office of the Secretary of State of the State of New York, two (2) true copies thereof and that at the time of making such service, deponent paid said Secretary of State a fee of 40.00 dollars; That said service was made pursuant to Section LIMITED LIABILITY COMPANY LAW §303.

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said defendant.

Sworn to before me on this

26th day of November, 2007

[signature]

FAITH COZZY
NOTARY PUBLIC, State of New York
No. 01CO6158874, Albany County
Commission Expires Jan 8, 2011

[signature]

Robin Brandow

**Invoice•Work Order #** 0723624

# Affidavit of Process Server

United States District Court Souther District of New York
(NAME OF COURT)

Atticus Management LLC vs Atticus Investments, LLC Crescent FUND, LLC. Jeffrey Stone ; JANETTE DILLER-STONE — 07 CIV 9730
PLAINTIFF/PETITIONER — DEFENDANT/RESPONDENT — CASE #

I declare that I am a citizen of the United States, over the age of eighteen and not a party to this action.

**Service:** I served Janette Diller-Stone
NAME OF PERSON/ENTITY BEING SERVED

with the (documents) Summons with attached documents totaling 49 pages

by serving Janette Diller Stone (NAME) — SELF (RELATIONSHIP)

at ☒ Home 362 DAVIS Ave, Unit 3, Greenwich CT
☐ Business

on TUESDAY NOVEMBER 13TH 2007 (DATE) at 9:15 A.M (TIME)

Thereafter copies of the documents were mailed by prepaid, first class mail on ______ DATE

from ______ CITY ______ STATE

**Manner of Service:** ☒ By personally delivering copies to the person/authorized agent of entity being served.
☐ By leaving, during office hours, copies at the office of the person/entity being served, leaving same with the person apparently in charge thereof.
☐ By leaving copies at the dwelling house or usual place of abode of the person being served, with a member of the household 18 or older and explaining the general nature of the papers.
☐ By posting copies in a conspicuous manner to the address of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address ☐ Evading ☐ Moved, Left no Forwarding ☐ Other:
☐ Address Does Not Exist ☐ Service Cancelled by Litigant ☐ Unable to Serve in a Timely Fashion

**Service Attempts:** Service was attempted on: ( ) ______ DATE TIME ( ) ______ DATE TIME

( ) ______ DATE TIME ( ) ______ DATE TIME ( ) ______ DATE TIME

Description: Age: 40's Sex: F Race: W Hgt: 5'-5'4 Wgt: MED BUILD Hair: BROWN Glasses: No BROWN EYES

I declare under penalty of perjury that the information contained herein is true and correct and this affidavit was executed on November 13, 2007 at Greenwich CT
DATE CITY STATE

Catherine Harkness
SIGNATURE OF PROCESS SERVER

State of
County of

Subscribed and sworn before me, a notary public, this 13th day of November 2007

WITNESS MY HAND AND OFFICIAL SEAL TO

[signature]
NOTARY PUBLIC

James N. Oulundsen
Notary Public
State of Connecticut
My Commission Expires
3-31-2010

# EXHIBIT D

KAUFMAN BORGEEST & RYAN LLP
ATTORNEYS AT LAW
99 PARK AVENUE
NEW YORK, NEW YORK 10016
TELEPHONE: 212.980.9600
FACSIMILE: 212.980.9291
www.kbrlaw.com

ANDREW S. KAUFMAN†
WAYNE E. BORGEEST
JULIANNA RYAN
LEE E. BERGER
LORETTA A. KREZ*
JOAN M. GILBRIDE††
JONATHAN D. RUBIN†
JUDITH M. FISHER*
A. MICHAEL FURMAN*
MICHAEL P. MEZZACAPPA*‡
DOUGLAS J. FITZMORRIS
STEVEN D. WEINER
SCOTT A. SCHECHTER
CHRISTOPHER E. DiGIACINTO*
ANN MARIE COLLINS*††
JONATHAN B. BRUNO*
PAUL J. COLUCCI
MARGARET J. DAVINO*††
JEFFREY C. GERSON††
ROCCO P. MATRA◊
JOHN B. MULLAHY*

OF COUNSEL:
MARIBETH SLEVIN
SHERRI M. FELDMAN▫

APPELLATE COUNSEL:
JACQUELINE MANDELL

JONATHAN R. HAMMERMAN
HEATHER LASCHEWER*
CAROL S. DOTY††‡
BARBARA-ANN M. COSTELLO
MELINDA B. MARGOLIES±
JEFFREY S. WHITTINGTON○
ELIZABETH O'BRIEN TOTTEN
RICHARD A. PRETTI
REBECCA KILDUFF
KRISTOPHER M. DENNIS*
CHRISTINE HEENAN
BELINDA DODDS-MARSHALL*‡
JULIE A. KEEGAN
STEPHANIE B. GITNIK
JEFFREY W. KLEINER*
JENNIFER BIRNBAUM
MICHAEL R. JANES
R. EVON HOWARD☆
LEONARD B. COOPER††
ANDREW R. JONES
JAMES T. DE SILVA

KEITH L. KAPLAN††
VINCENT C. ANSALDI††
DAVID J. VARRIALE*††
DOUGLAS J. DOMSKY
TIMOTHY E. MCCARTHY■
JEFFREY A. GRALNICK
TRACEY REISER-PERTOSO††
KATHERINE J. O'BRIEN††
DAMIEN SMITH
ANDREW S. KOWLOWITZ*♦
MATTHEW M. FERGUSON♦
D. RYAN BLOOMQUIST
CRISTINA LA MARCA
EDWARD R. NORIEGA▫
MATTHEW SPERGEL
PAUL T. CURLEY
ROBERT A. BENJAMIN*
KATHRYN C. COLLINS
JANINE C. CIALLELLA††
ELAN R. KANDEL*††
BRIAN M. SHER*
PAIGE E. COOPERMAN
MARGARET M. O'CONNOR
JOSHUA B. SANDBERG

THOMAS L. GALLIVAN
EILEEN R. FULLERTON††
DENNIS J. DOZIS*
LYNN M. DUKETTE
RISA D. TARKOFF*
MILLI SHAH■
KATHRYN M. WALSH
LAURA B. JUFFA
KATELIN B. O'ROURKE
BETSY PHILIP
SARA K. WALKER
KERI B. WASSERSTEIN*
REMI D. FLAISHMAN*
MELISSA A. MANNING*
THOMAS LOOKSTEIN
MICHAEL NERI
ROBERT E. FEKETE
LORRAINE C. SYLVESTER■
JESSICA MOLINARES

† ALSO ADMITTED IN PA
* ALSO ADMITTED IN NJ
‡ ALSO ADMITTED IN DC
†† ALSO ADMITTED IN CT
± ALSO ADMITTED IN MA
◊ ALSO ADMITTED IN TX
♦ ALSO ADMITTED IN FL
○ ALSO ADMITTED IN CA
■ ADMITTED IN NJ ONLY
▫ ADMITTED IN CA ONLY
☆ BARRISTER AT LAW
ADMITTED IN ENGLAND & WALES

November 21, 2007

Joseph J. Cooke, Esq.
1000 Woodbury Road, Suite 402
Woodbury, New York 11797

Re: Atticus Management LLC v. Atticus Investments LLC et al.
United States District Court, Southern District of New York
Civil Action No.: 07 CV 9730 (RPP/AJP)

Dear Mr. Cooke:

We represent Atticus Management LLC in the above referenced action against Atticus Investments LLC, Crescent Fund, LLC, Jeffery Stone and Janette Diller Stone. We understand that you represent the aforementioned defendants in the action entitled "Laidlaw Energy Group, Inc., v. Crescent Fund, LLC, Atticus Investments, LLC, Jeffery Stone and Janette Diller Stone," New York Supreme Court, County of New York, Index No. 601588/06.

We are requesting that you accept service on behalf of your clients, or alternatively, that your clients waive service, pursuant to Rule 4 of the Federal Rules of Civil Procedure. We have enclosed copies of waivers of service for each defendant.

Thank you for your courtesy in this matter.

Very truly yours,

KAUFMAN BORGEEST & RYAN LLP

[signature]
Jonathan B. Bruno

Encl.

MMP&S
MILBER MAKRIS PLOUSADIS & SEIDEN, LLP
ATTORNEYS AT LAW
1000 WOODBURY ROAD SUITE 402 WOODBURY, NY 11797
TELEPHONE: 516.712.4000 FAX: 516.712.4013
MAIL@MILBERMAKRIS.COM
HTTP://WWW.MILBERMAKRIS.COM

December 11, 2007

Jonathan B. Bruno
Kaufman Borgeest & Ryan LLP
99 Park Avenue
New York, NY 10016

Re: Crescent Fund
Our File No.: 812-A

Dear Mr. Bruno:

We are not authorized to accept service on behalf of Crescent Fund, LLC, Atticus Investment, LLC, Jeffrey Stone or Janette Diller Stone. Accordingly, we return the documents forwarded along with your November 21, 2007 letter.

Very truly yours,

Joseph J Cooke

Joseph J. Cooke

JJC: lf
Enclosure

WOODBURY, NEW YORK ■ WHITE PLAINS, NEW YORK ■ WILLIAMSVILLE, NEW YORK
NEW JERSEY ■ CONNECTICUT ■ FLORIDA

# EXHIBIT E

KAUFMAN BORGEEST & RYAN LLP
99 PARK AVENUE
NEW YORK, NY 10016

CERTIFIED MAIL™

7003 1010 0000 9503 6422

PITNEY BOWES
U.S. POSTAGE
PB5511683
0065 $03.060 FEB 11 2008
MAILED FROM ZIP CODE 10016

Jeffrey Stone and Janette Diller Stone
362 Davis Ave. #1
Greenwhich, CT 06830

NAME
1st Notice
2nd Notice

X 069 NCE 1 A0&C 77 02/18/08
FORWARD TIME EXP RTN TO SEND
STONE
262 KAMIOSAKI SHINAGAWA-KY
TOKYO JAPAN 141 0021
JAPAN
RETURN TO SENDER

10016@1601
06830+7134

# EXHIBIT F

DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/6/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES EXCHANGE COMMISSION,

Plaintiff,

-against-

JEFFERY STEVEN STONE; JANETTE DILLER STONE; CRESCENT FUND, LLC; PEDRACAR, INC., WEBSKY, INC.; and DOUGLAS HAFFER

Defendants.

06 Civ. 6258 (HB)

**ORDER**

**Hon. Harold Baer, Jr., District Judge:**

WHEREAS, Plaintiff Securities and Exchange Commission ("Commission") has moved this Court for an order allowing alternative service of process upon Jeffery Steven Stone ("Stone") and Janette Diller Stone ("Diller") pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure; and

WHEREAS, the Commission has presented declarations and other information in support of its application to show that Stone and Diller have evaded service; and

WHEREAS, on February 7, 2007, pursuant to the Hague Convention, the Commission sent a request to the Japanese Ministry of Foreign Affairs ("Japanese Ministry") to serve the Stones at what is believed to be a current Tokyo address; and

WHEREAS, the Commission has represented to the Court that the Japanese Ministry normally takes between four and six weeks to respond; and

WHEREAS, the alternative service requested does not appear to violate any international agreement; it is hereby

ORDERED that the Commission has shown that it has made reasonable efforts to serve Stone and Diller through ordinary process pursuant to Federal Rule 4; and it is further

ORDERED that should the Commission not receive word from the Japanese Ministry by **March 26, 2007**, that, for good cause shown, pursuant to Federal Rule

4(f)(3), the Commission may serve Defendants Stone and Diller by the following alternative means:

1. Send via e-mail a PDF copy of the summons and complaint in this manner to "crescentfund@crescentfund.com" (with a carbon copy e-mail to "jrdiller@crescentfund.com" and "jeffs@crescentfund.com") with the subject line "IMPORTANT LEGAL DOCUMENTS CONCERNING SEC v. STONE, et al.";
2. Send via express mail a copy of the summons and complaint in this matter to:

   Joseph Cooke, Esq.
   Milber Makris Plousadis & Seiden, LLP
   1000 Woodbury Road
   Suite 402
   Woodbury, NY 11797
3. Send a copy of the summons and complaint in this matter by regular U.S. Mail to:

   Jeffery Steven Stone
   Janette Diller Stone
   c/o Crescent Fund
   67 Wall Street, 22nd Floor
   New York, NY 10005.

; and

ORDERED that the service listed above shall be sufficient pursuant to Federal Rule 4(f).

**SO ORDERED.**

**March 5, 2007**
**New York, New York**

U.S.D.J.