UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ATTICUS MANAGEMENT LLC,

                Plaintiff,

-against-

ATTICUS INVESTMENTS LLC,
CRESCENT FUND, LLC, JEFFERY STONE
and JANETTE DILLER STONE

                Defendants.
-----------------------------------------------------------------X

Civil Action No. 07 CV 9730 (RPP)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT JEFFERY STONE**

KAUFMAN BORGEEST & RYAN LLP
Attorneys for Plaintiff,
ATTICUS MANAGEMENT LLC
99 Park Avenue, 19th Floor
New York, New York 10016
Telephone No.: (212) 980-9600
KBR File No.: 125.001

Of Counsel:

    Jonathan B. Bruno

## PRELIMINARY STATEMENT

Plaintiff Atticus Management LLC respectfully submits this memorandum of law in support of its motion for default judgment against defendant Jeffery Stone (hereinafter collectively "defaulting defendants") under Fed. R. Civ. P. 55(b)(2) and Local Civil Rule 55.2(b).

## BACKGROUND

Plaintiff, the owner of the registered U.S. Federal Trademark "ATTICUS," filed its complaint on November 2, 2007. The complaint alleges, *inter alia*, that defendants Jeffery Stone and Janette Diller Stone, both officers of Atticus Investments LLC and Crescent Fund LLC, have engaged and continue to engage in unauthorized use of the "ATTICUS" mark in commerce and are infringing on Plaintiff's trademark. In its complaint, Plaintiff seeks, *inter alia*, a permanent injunction, prohibiting each of the Defendants from infringing or causing others to infringe Plaintiff's trademark by doing business under the name "ATTICUS," unfairly designating the origin of Defendants' products and/or services, unfairly competing with Plaintiff in any manner, diluting the mark in any manner, and causing a likelihood of confusion or injuries to Plaintiff's business reputation. Plaintiff also seeks a declaratory judgment that Defendants have infringed on Plaintiff's federally registered trademark, "ATTICUS." In addition to equitable relief, Plaintiff is seeking damages in the form of compensatory damages, treble damages, attorney's fees, and punitive damages. See Bruno Decl. Ex. B.

After months of attempting to locate and serve the summons and complaint upon Jeffery Stone, Plaintiff made an application before your Honorable court for an order authorizing service upon Jeffery Stone by alternate means pursuant to Fed. R. Civ. P. 4(f)(3). After Plaintiff's application was granted, Plaintiff served the summons and complaint upon Jeffery Stone by

email to crescentfund@crescentfund.com on March 27, 2008. The same day, Plaintiff also served the summons and complaint by personal service as well as certified mail on Steven Kaplan, Stone's attorney in an unrelated action. See Bruno Decl. Ex. C. No answer, or other response, has been filed by the defaulting defendant, and his time to do so has long expired. The Clerk of Court noted the defaults on April 22, 2008. See Bruno Decl. Ex. A.

## ARGUMENT

In deciding a motion for default judgment, the Court must consider the following three factors: (1) "whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Mason Tenders Dist. Council v. Duce Constr. Corp., 2003 U.S. Dist. LEXIS 6881, at *2 (S.D.N.Y., Apr. 25, 2003) (Swain, J.).

These factors all weigh heavily in favor of granting Plaintiff's motion. First, the defaulting defendant's non-appearance in this action and failure to respond to the complaint despite Stone receiving the email containing the summons and complaint indicates willful conduct. See Bruno Decl. Ex. D. Moreover, the defaulting defendant has been a party to litigation several times before (also in the Southern District), and thus cannot be said to be unfamiliar with the process of receiving and responding to a summons and complaint. The defaulting defendant has similarly failed to appear in unrelated actions against him and has previously had a default judgment entered against him. See SEC v. Jeffery Steven Stone; Janette Diller Stone; Crescent Fund, LLC et al., Case No. 06-CV-6528 (S.D.N.Y. filed August 17, 2006). Finally, it has been over three months since Plaintiff effectuated service on Stone's wife and it is clear from the summons and complaint that Stone is also named individually in the litigation. See Bruno Decl. Ex. C. Thus, Stone's failure to respond within the time set forth in

712123                                3

the Federal Rules of Civil Procedure cannot reasonably be said to be inadvertent or merely due to his carelessness, as he has had ample notice that an action was commenced against him even prior to being served with the summons and complaint. In light of all of these factors, the defaulting defendants' non responsiveness can only be considered willful.

Second, the defaulting defendant does not have a meritorious defense. By failing to answer or otherwise respond to the complaint, the allegations are deemed admitted. Au Bon Pain v. Artect, Inc., 653 F.2d 61 (2d Cir. 1981); Fed. Trade Comm'n v. Kitco of Nevada, Inc., 612 F. Supp. 1282 (D.C. Minn. 1985) ("When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true, and this rule applies whether the complaint seeks legal or, as in this case, equitable relief."). Furthermore, the complaint references two cease and desist letters sent to the defendants, to which Jeffery Stone responded, essentially admitting that they do in fact use Plaintiff's federally registered trademark "ATTICUS." See Bruno Decl. Ex. B, ¶¶ 28-29, Exs. B-C.

Third, Plaintiff would be prejudiced by the denial of its motion. All four defendants have demonstrated their adeptness at evading service in the past as well as in this matter. This should not translate into their being able to evade judgment and continue to enjoy the ability to unlawfully infringe on and dilute Plaintiff's trademark rights.

## CONCLUSION

For the foregoing reasons, Atticus Management LLC's motion for default judgment as against Jeffery Stone should be granted.

Dated: New York, New York
April 23, 2008

                                        Respectfully Submitted,

                                        KAUFMAN BORGEEST & RYAN LLP

                                        */s/ Jonathan Bruno*
                                        By:    Jonathan B. Bruno
                                        Attorney for Plaintiff,
                                        ATTICUS MANAGEMENT LLC
                                        99 Park Avenue, 19th Floor
                                        New York, New York 10016
                                        (212) 980-9600
                                        File No.: 125.001