# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ATTICUS MANAGEMENT LLC

                    Plaintiff,

   -against-

ATTICUS INVESTMENTS LLC,
CRESCENT FUND, LLC, JEFFERY STONE
and JANETTE DILLER STONE

                    Defendants.

------------------------------------------------------------X

Civil Action No. 07 CV 9730 (RPP)

**CERTIFICATE OF DEFAULT**

I, J. Michael McMahon, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action commenced on November 2, 2007, with the filing of a summons and complaint; a copy of the summons and complaint was served upon defendant Jeffery Stone on March 27, 2008 via email to crescentfund@crescentfund.com and by personal service and certified mail on Steven Kaplan of Rosenfeld & Kaplan LLP at 535 Fifth Avenue, New York, NY 10017 as permitted by an Order Authorizing Alternate Service pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure. Proofs of service of all defendants were filed electronically on April 16, 2008.

I further certify that the docket entries indicate that defendant Jeffery Stone has not filed an answer or otherwise moved with respect to the complaint. The default of defendant Jeffery Stone is hereby noted.

Dated: New York, New York
      April 22, 2008

                           J. MICHAEL MCMAHON
                           Clerk of Court

                    By: _____
                           Deputy Clerk

# EXHIBIT B

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ Southern _____  District of  _____ New York _____

ATTICUS MANAGEMENT LLC

**SUMMONS IN A CIVIL ACTION**

V.

ATTICUS INVESTMENTS LLC, CRESCENT
FUND, LLC, JEFFERY STONE and JANETTE
DILLER STONE

CASE NUMBER:    **07 CIV**    **97 30**

TO: (Name and address of Defendant)

the above named defendants

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Jonathan B. Bruno
Kaufman Borgeest & Ryan LLP
99 Park Avenue, 19th Floor
New York, NY 10016

an answer to the complaint which is served on you with this summons, within _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**

NOV 0 2 2007

CLERK                                                   DATE

(By) DEPUTY CLERK

AO 440 (Rev 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

　　Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

　　　　I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
　　　　　　　　　　Date　　　　　　　　　　Signature of Server

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ATTICUS MANAGEMENT LLC

                Plaintiff,

    -against-

ATTICUS INVESTMENTS LLC,
CRESCENT FUND, LLC, JEFFERY STONE
and JANETTE DILLER STONE

                Defendants.
----------------------------------------------------------------X

      Plaintiff, Atticus Management LLC, ("Plaintiff"), by its attorneys, Kaufman Borgeest &

Ryan LLP, as and for its complaint against Defendants, Atticus Investments LLC ("Atticus

Investments"), Crescent Fund, LLC ("Crescent"), Jeffery Stone ("Stone") and Janette Diller

Stone ("Diller Stone"), avers as follows:

## JURISDICTION AND VENUE

    1.    This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq.

("the Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject

matter of this action pursuant to 15 U.S.C. 1221 and 28 U.S.C. 1338(a). This Court has

supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because

those claims are so related to the federal claims brought herein as to form part of the same case

or controversy.

    2.    Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendants

reside and/or maintain a principal place of business in this district within the meaning of 28

U.S.C. § 1391(c).

648515

1

## PARTIES

3.    Plaintiff is an active foreign limited liability company, formed on February 25, 1998 in Delaware, with its principal place of business located at 767 Fifth Avenue, New York, NY 10153.

4.    Plaintiff is the successor in interest of Atticus Partners, L.P., the original owner and registrant of the mark "ATTICUS." Plaintiff, which is the general partner to Atticus Capital LP, is the owner of the registered U.S. Federal Trademark "ATTICUS," Registration Number 2,098,746, International Class ("IC") 036 for use in connection with financial services, namely investment fund management. Plaintiff's first use of its mark "ATTICUS" in commerce was on January 1, 1996.

5.    The "ATTICUS" trademark registration received incontestability status on or about November 14, 2003.

6.    Atticus Capital LP is a top New York based investment management firm with offices in London, England and over $18 billion under management as of September 30, 2007.

7.    Crescent is a limited liability company organized and existing under the laws of the State of Delaware, with a principal of business located at 40 Wall Street, New York, New York 10005. Upon information and belief, at all times material, Crescent was and remains a private equity consulting and promotional firm that purports to provide corporate capitalization and investor relations consulting services to both established and emerging companies.

8.    Atticus Investments is a limited liability company organized and existing under the laws of Pennsylvania, with a principal place of business located at 40 Wall Street, New York, New York 10005. Upon information and belief, since the time of its formation, Atticus Investments has allegedly served as the financing arm of The Crescent Fund.

648515                                          2

9.    Upon information and belief, Jeffery Stone and Janette Diller Stone are both citizens and residents of the state of Connecticut, with a principal place of business located at 40 Wall Street, New York, NY 10005.

10.    Upon information and belief, at all relevant times, Stone is an officer, director and/or principal of Crescent and Atticus Investments.  At all relevant times, Stone has had direct involvement and participation in both companies' daily activities and operations.

11.    Upon information and belief, at all relevant times, Diller Stone is President and CEO of both Crescent and Atticus Investments, with direct involvement and participation in both companies' daily activities and operations.

12.    Upon information and belief, while both Crescent and Atticus Investments purport to have other officers and directors, Stone and Diller Stone control both entities.  As such, neither Crescent nor Atticus Investments can enter into any agreement with any third-party without the express approval of Stone, Diller Stone, or both.

13.    Defendants are individuals or business entities, who upon information and belief, are acting in concert and active participation with each other in committing the wrongful acts alleged herein.

## CIVIL AND CRIMINAL ACTIONS AGAINST DEFENDANTS

14.    Defendants Stone and Diller Stone have been accused of illegal activity, including but not limited to securities fraud in violation of numerous provisions of federal securities laws.

15.    On September 21, 1999, Defendant Stone pleaded guilty to one count of conspiracy to commit wire fraud and commercial bribery in violation of 18 U.S.C. §371, and two counts of wire fraud in violation of 18 U.S.C. §§ 2, 1343 and 1346.  See United States v. Jeffrey Stone, 97-Cr-01034 (JSM).

16.    On the basis of Defendant Stone's guilty plea, he was sentenced to three years imprisonment, followed by three years of supervised release, and ordered to pay a fine of $50,000.

17.    Stone has been described in a U.S. Securities and Exchange Commission Litigation Release as a "recidivist securities law violator." see Exhibit A.

18.    On August 16, 2006, a complaint was filed by the Securities and Exchange Commission ("SEC") charging Defendants Stone, Diller Stone and Crescent with securities fraud. See SEC v. Jeffery Steven Stone; Janette Diller Stone; Crescent Fund, LLC, et al. Case No. 06-CV-6528 (S.D.N.Y. filed August 17, 2006).

19.    The complaint makes multiple references to Atticus Investments' role in the market manipulation scheme alleged against Defendants Stone and Diller Stone.

20.    The SEC made multiple attempts over the course of months to serve Defendants Stone and Diller, which the Defendants evaded.

21.    The SEC action is currently pending and the pleadings filed with the Court in that action are currently available to the general public.

22.    On May 5, 2006, a complaint was filed by Laidlaw Energy Group, Inc. in the Supreme Court of the State of New York, County of New York, charging Defendants Stone, Diller Stone, Crescent and Atticus Investments with Fraudulent Inducement, Fraud and Intentional Misrepresentation, Unjust Enrichment and Conversion for their alleged role in illegally trading restricted stock. See Laidlaw Energy Group, Inc., v. Crescent Fund, LLC, et al. Index No. 06/601588 (N.Y. Sup. filed May 5, 2006).

23.    Defendants filed a Verified Answer, in which they admit that Stone is an officer of Crescent and Atticus Investments and Diller Stone is President and CEO of both Crescent and

Atticus Investments. Defendants further admit to holding themselves out under the name Atticus, with a principal place of business in New York, New York.

24.    This Laidlaw action is currently pending and the pleadings filed with the Court in that action are currently available to the general public.

## ALLEGATIONS

25.    On or about, March 14, 2007, Plaintiff learned that Atticus Investments was using the service mark "ATTICUS" and doing business under that name.

26.    On August 8, 2007, Plaintiff sent a Cease and Desist Letter to what was believed to be the Defendants' place of business, as well as their place of residence. The letters requested that Defendants cease using the "ATTICUS" mark in any manner in any place that it does business in order to eliminate the likelihood of confusion and possible inaccurate affiliation with Atticus Management. The letters were sent via regular mail and certified mail with a return receipt requested. The letters were all returned to sender.

27.    On August 23, 2007, Plaintiff sent a second round of Cease and Desist letters to the Defendants.

28.    On or about August 28, 2007, Plaintiff's Counsel received a copy of the August 23, 2007 Cease and Desist letter (which was sent to Atticus Investments LLC at 67 Wall Street, New York, New York 10005) with a handwritten response from Stone in which he denies using the name Atticus for approximately two years, describes it as "dormant entity," and claims Atticus is "a different name altogether." see Exhibit B.

29.    On October 1, 2007, Plaintiff's Counsel received a copy of the August 23, 2007 Cease and Desist letter (which was sent to 362 Davis Ave. #1, Greenwich, Connecticut 06830, which upon information and belief is Defendant Stone and Diller Stone's residential address)

with another handwritten response from Stone that read, "We are Atticus Investment LL [sic] not Atticus Management LLC…" see Exhibit C.

30.    Defendants are using the name "ATTICUS," which is Plaintiff's federally registered service mark.

31.    As of the date of filing of this complaint, the Pennsylvania Department of Corporations lists the Defendant Atticus Investments' status as "Active." see Exhibit D.

32.    At all relevant times, defendants have refused any and all attempts to comply with Plaintiff's request that Defendants cease and desist use of the "ATTICUS" mark and provide Plaintiff with written assurance that Defendants will cease and desist use of the "ATTICUS" mark.

## FIRST CAUSE OF ACTION
## FOR FEDERAL TRADEMARK INFRINGEMENT

33.    Paragraphs 1 through 32 are repeated and realleged as if fully set forth herein.

34.    Plaintiff owns the federally registered service mark "ATTICUS", entitled to protection under the Lanham Act.

35.    Defendants' use of the mark "ATTICUS" constitutes an unauthorized use of the mark in commerce and is likely to cause consumer confusion.

36.    Defendants' conduct constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1) and Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

## SECOND CAUSE OF ACTION
## FOR CONTRIBUTORY TRADEMARK INFRINGEMENT

37.    Paragraphs 1 through 36 are repeated and realleged as if fully set forth herein.

648515

6

38.    Defendant Crescent was aware of the Defendants Stone, Diller Stone, and Atticus Investments' unauthorized use of the "ATTICUS" mark.

39.    Defendant Crescent benefited from the unauthorized use of the mark "ATTICUS" in the form of Crescent's financing arm, Atticus Investments.

40.    Defendant Crescent's conduct constitutes contributory trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1) and Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

## THIRD CAUSE OF ACTION
## FOR UNFAIR COMPETITION UNDER THE LANHAM ACT

41.    Paragraphs 1 through 40 are repeated and realleged as if fully set forth herein.

42.    Plaintiff owns a valid, federally registered trademark entitled to protection under the Lanham Act.

43.    Defendants' unauthorized use of the mark in commerce is likely to cause consumer confusion as to the origin or sponsorship of Defendants' services and the association of Defendants' services with Plaintiff or Plaintiff's services.

44.    Defendants' conduct constitutes a false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

45.    Defendants' conduct constitutes a violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

## FOURTH CAUSE OF ACTION
## FOR COMMON LAW UNFAIR COMPETITION

46.    Paragraphs 1 through 45 are repeated and realleged as it fully set forth herein.

47.    Defendants' unauthorized use of the Plaintiff's mark in commerce is likely to cause consumer confusion and induce consumers to believe that the Plaintiff and Defendants or their services are affiliated.

48.    Defendants have misappropriated Plaintiff's mark, reputation, and good will through their actions.

49.    Even after explicitly being informed of their unauthorized use, Defendants continue to engage in an unauthorized use of the Plaintiff's mark.

50.    Defendants have acted deliberately and with bad faith.

51.    Defendants have engaged in unfair methods of competition in violation of the common law.

52.    As a result of Defendants' conduct, Plaintiff is likely to be vulnerable to a damaged reputation because of consumer confusion as to the origin or sponsorship of Defendants' services and the association of Defendants' services with Plaintiff or Plaintiff's services, and loss of profits.

## FIFTH CAUSE OF ACTION
## FOR DILUTION UNDER N.Y. Gen Bus. Law §360-1

53.    Paragraphs 1 through 52 are repeated and realleged as if fully set forth herein.

54.    By virtue of Defendant Stone's prior conviction and involvement in illegal activities and the pending charges against Defendant Diller Stone, the Defendants' unauthorized use of plaintiff's rightfully held mark "ATTICUS" in association with services of a similar nature to those of Plaintiff impairs the mark's ability to serve as a unique identifier of the plaintiff's services and impairs the mark's ability to carry associations of quality.

648515                                              8

55.    Defendants' conduct has diluted the conclusively presumed distinctive quality of Plaintiff's incontestable mark and/or has a likelihood of injury to Plaintiff's business reputation in violation of N.Y. Gen. Bus. Law §360-l.

56.    Defendants' conduct constitutes blurring and tarnishment, in violation of N.Y. Gen. Bus. Law §360-l.

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants as follows:

A.    A permanent injunction, prohibiting each Defendant, its agents, servants, employees, officers, attorneys, and all other persons in active concert or participation with them, from:

1.    infringing, or causing any other entity to infringe, Plaintiff's trademark and/or service mark rights by doing business under the name "ATTICUS" or representing themselves in any way using the name "ATTICUS" alone or in conjunction with any other names or words.

2.    unfairly designating the origin of Defendants' products and/or services, or otherwise creating confusion regarding the origin of Defendants' services.

3.    unfairly competing with Plaintiff in any manner whatsoever;

4.    acting, or causing another entity to act, in any manner likely to dilute, tarnish, or blur the distinctiveness of the "ATTICUS" mark;

5.    causing a likelihood of confusion or injuries to Plaintiff's business reputation.

B.    A declaratory judgment that Defendants have infringed on Plaintiff's federally registered trademark, "ATTICUS."

C.    An order directing each Defendant, its agents, servants, employees, franchisees, licensees, attorneys, and all others in active concert or participation with Defendants to deliver to Plaintiff any agreements between Defendants and any other party or parties that relate to the use of the ATTICUS mark in any way whatsoever;

D.    Pursuant to 15 U.S.C. §1116, an order directing each Defendant to file with this Court and serve on Plaintiff within thirty (30) days after the service of the injunction, a report in writing, under oath, that describes in detail the manner and form in which each Defendant has complied with the orders of this Court;

E.    An order directing an accounting to determine all gains, profits, savings, and advantages obtained by each Defendant as a result of its wrongful actions;

F.    Awarding restitution to Plaintiff of all gains, profits, savings, and advantages obtained by each Defendant as a result of its wrongful actions;

G.    Awarding Plaintiffs all damages caused by each Defendant's wrongful actions;

H.    Awarding Plaintiffs treble the amount of its damages, together with the costs of this suit, including reasonable attorneys' fees and expenses and prejudgment interest;

I.    Awarding Plaintiff an amount sufficient to conduct a corrective advertising campaign to dispel the effects of Defendants' wrongful conduct and confusing and misleading uses of the mark "ATTICUS;"

J.    Awarding Plaintiff punitive damages in an amount sufficient to deter other and future similar conduct by Defendants and others;

K.    Granting Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated: New York, New York
November 2, 2007

Respectfully Submitted,

KAUFMAN BORGEEST & RYAN LLP

By: _____
         Jonathan B. Bruno
Attorney for Plaintiff,
ATTICUS MANAGEMENT LLC
99 Park Avenue, 19th Floor
New York, New York 10016
(212) 980-9600
File No.: 125.001

# EXHIBIT A



# U.S. SECURITIES AND EXCHANGE COMMISSION

Litigation Release No. 19805 / August 17, 2006

*SEC v. Jeffery Steven Stone, et al.*, Case No. 06-CIV-6258 (HB)
(S.D.N.Y. filed Aug. 17, 2006)

## SEC Charges Ex-Con in Stock Manipulation Scheme Involving San Francisco-Based Tech Company

The Securities and Exchange Commission today charged a former felon and his wife with orchestrating a fraud scheme to inflate the price of WebSky, Inc., a San Francisco-based penny stock company, using spam email. The couple pocketed more than $1 million in proceeds as a result of the scam.

The Commission's complaint alleges that Jeffery Steven Stone of Greenwich, Connecticut, and his wife, Janette Diller Stone, using entities they controlled, acquired massive amounts of WebSky stock under false pretenses, hired stock promoters to hype the stock in false spam emails, and then dumped their shares into the unsuspecting market. Stone is a recidivist securities law violator, having been convicted of fraud in a prior market manipulation scheme and found liable in civil proceedings by the Commission.

According to the complaint, Stone and Diller bought 288 million shares from WebSky based on false promises that the shares were being acquired for investment purposes and not as a means of distributing shares to the public. Within days, the two began selling the shares to third parties. Stone and Diller also engineered a spam email campaign that falsely portrayed WebSky - a start-up Internet company with virtually no revenues or profits - as having a successful joint venture in Argentina that would result in over $40 million in annual revenues. In reality, WebSky's CEO had forbidden them from sending the spam email and informed them that WebSky's Argentina deal was no longer viable.

The complaint alleges that, as a result of Stone and Diller's fraud, WebSky's stock price soared by over 300% on trading volume almost 20 times greater than normal, after which Stone and Diller sold their WebSky shares. Combined with proceeds from other stock sales during the scheme, Stone and Diller received more than $1 million in proceeds.

The Commission also brought charges against WebSky and its CEO, Douglas Haffer, of Oakland, California, for selling WebSky shares in a subsequent transaction to an entity controlled by Stone and Diller without registering the transaction or securing an exemption from registration. Subject to court approval, WebSky and Haffer have agreed to settle the action, without admitting or denying the allegations, by disgorging the $35,000 received in the sale and consenting to a permanent injunction

against future violations of the registration provisions of the federal securities laws. Haffer also has agreed to pay a $25,000 civil penalty.

The complaint, filed in federal court in New York, New York, charges Stone and Diller with violating the antifraud, registration, and other provisions of the federal securities laws. The complaint also names two entities controlled by the Stones, Crescent Fund, LLC, based in New York, New York, and Pedracar, Inc, a Pennsylvania company.

*http://www.sec.gov/litigation/litreleases/2006/lr19805.htm*

# EXHIBIT B

KAUFMAN BORGEEST & RYAN LLP

ATTORNEYS AT LAW

ANDREW S. KAUFMAN**
WAYNE E. BORGEEST
JULIANNA RYAN
LEE E. BERGER
LORETTA A. KRESZ*
JOAN M. GILBRIDE**
JONATHAN D. RUBIN*
JUDYTH M. FAVERO*
A. MICHAEL FURMAN*
MICHAEL J. MEZZACAPPA*
DOUGLAS J. FITZMORRIS
STEVEN D. WEINER
SCOTT A. SCHECHTER
CHRISTOPHER E. DIGIACINTO
ANN MARIE COLLINS*†
JONATHAN B. BRUNO*
PAUL J. COLUCCI
MARGARET J. DAVINO**†
JEFFREY F. GRAGNO*
ROCCO B. MAYRA*
JOHN B. MULLARE*

OF COUNSEL
MARIBETH BLEVIN
CHERISSE M. FELDMANN

AFFILIATE COUNSEL
JACQUELINE MANDELL

JONATHAN R. HAMMERMAN
HEATHER LASCHEVER*
CAROL S. DOTY**
BARBARA ANN M. COSTELLO
MELISSA A. MARGOLIES*
JEFFREY S. WHITTINGTON*
ELIZABETH O'BRIEN TOTTEN*
RICHARD A. PRETTI
REBECCA KILDUFF
KRISTOPHER M. GENNIS
CHRISTINE MEENAN
MEINTY. DODDS MARSHALL*
JULIE A. KEEGAN*
STEPHANIE R. CIARLO*
JEFFREY W. KLEINER*
JENNIFER RIKENBARGS
MICHAEL B. JANES
K. EVON HOWARD*
LEONARD B. COOPER*
ANDREW S. JONES
JAMES T. DE SILVA

THOMAS L. GALLIVAN
EILEEN R. FULLERTON†
CORRIE A. KURSH
DENNIS J. DOZIS*
LYNN M. DUKETTE
RISA D. TARNOFF*
MELLI SHAH*
LAURA B. JUFFA
JOSEPH R. DEPAOLI*
KATELLEN R. O'KOGARA
BETSY PHILIP
SYBIL R. WALKER
NESI R. WASSERSTEIN*
RENJI D. FLAISERMAN*
MELISSA A. MANNINO*
THOMAS DOCKSTEIN

* ALSO ADMITTED IN PA
* ALSO ADMITTED IN DE
* ALSO ADMITTED IN DC
* ALSO ADMITTED IN CT
† ALSO ADMITTED IN MA
* ALSO ADMITTED IN TX
* ALSO ADMITTED IN FL
* ALSO ADMITTED IN CA
† ADMITTED IN NEW JERSEY
* MARGARET M. CONNELLY
* ADMITTED AT LAW
* ADMITTED IN ENGLAND & WALES

99 PARK AVENUE
NEW YORK, NEW YORK 10016

TELEPHONE: 212.980.9600
FACSIMILE: 212.980.9291
www.kbrlaw.com

August 23, 2007

<u>VIA REGULAR MAIL AND
CERTIFIED MAIL
RETURN RECEIPT REQUESTED</u>

Janette Diller
Atticus Investments, LLC
67 Wall Street
New York, NY 10005

Re:    Cease and Desist use of "ATTICUS" mark

Dear Ms. Diller:

This office represents Atticus Management LLC, owner of the registered service mark "ATTICUS." It was recently brought to our attention that Atticus Investments, LLC has been using the service mark of Atticus Management, LLC. Atticus Management LLC, which is the general partner to Atticus Capital LP, owns the mark "ATTICUS," a registered U.S. Federal Trademark, Registration Number 2,098,746. A copy of the federal registration is enclosed. Atticus Management LLC's first use of its mark "ATTICUS" was on January 1, 1996.

Your use of the "ATTICUS" mark constitutes a trademark infringement and confuses consumers and the public into believing that Atticus Investments, LLC is associated with, affiliated with, authorized by, or sponsored by trademark owner Atticus Management LLC, which it is not.

Atticus Management LLC demands that Atticus Investments, LLC immediately cease and desist use of the "ATTICUS" mark in any manner in the States of Delaware, New York or anywhere else it may do business in order to eliminate any likelihood of confusion and the possibility of an inaccurate affiliation with Atticus Management LLC. The unlicensed use of the "ATTICUS" mark is a violation of trademark law[1] and is not permitted; consequently we ask for immediate written assurances that you will cease and desist as well as the date on which you will last use the mark.

---

[1] See Lanham Act, 15 U.S.C. 1:25(a), (d)

NEW YORK CITY • WESTCHESTER • LONG ISLAND • NEW JERSEY • CALIFORNIA

Atticus Investments, LLC
Cease and Desist
August 23, 2007
Page 2 of 2

Unless such assurances are received within ten (10) days, we will have no choice but to take appropriate action to protect our client's interests. Please be advised that this letter shall not be deemed to be a waiver of Atticus Management LLC's rights or remedies, which are expressly reserved.

Should you have questions or concerns, do not hesitate to contact me. Thank you, in advance, for your consideration.

Very truly yours,

KAUFMAN BORGEEST & RYAN LLP

Jonathan B. Bruno

Encl.
cc:    Atticus Management LLC
628056-1

Jonathan :

Firstly, you are full of shit. We have not used the name Atticus for approximately 2 years. Essentially, a dormant entity and further, a different name, altogether.

Do what you have to do. You are wasting time.

Very Truly Yours,

KAUFMAN BORGEEST & RYAN LLP

Int. Cl.: 36

Prior U.S. Cls.: 100, 101 and 102

Reg. No. 2,098,746

United States Patent and Trademark Office

Registered Sep. 23, 1997

## SERVICE MARK
### PRINCIPAL REGISTER

## ATTICUS

ATTICUS PARTNERS, L.P. (DELAWARE LIM-
ITED PARTNERSHIP)
10 EAST 3RD STREET
NEW YORK, NY 10022

FIRST USE 1-1-1996; IN COMMERCE
1-1-1996

FOR: FINANCIAL SERVICES, NAMELY IN-
VESTMENT FUND MANAGEMENT, IN CLASS
36 (U.S. CLS. 100, 101 AND 102)

SER. NO. 75-057,542, FILED 2-15-1996

DAVID H. STINE, EXAMINING ATTORNEY

# EXHIBIT C

# KAUFMAN BORGEEST & RYAN LLP

JOSEPH BORGEEST
WAYNE E. BORGEEST
JULIANNA RYAN
LEE E. BERGER
LORETTA K. KREIT
JOAN M. GILBRIDE
JONATHAN D. RUBIN
JUDITH M. FISHER
A. MICHAEL FURMAN
MICHAEL P. MEZZACAPPA
DOUGLAS J. FITZMORRIS
STEVEN D. WEINER
SCOTT A. SCHECHTER
CHRISTOPHER E. DIGIACINTO
ANN MARIE COLLINS
JONATHAN B. BRUNO
PAUL J. COLUCCI
MARGARET J. DAVINO
JEFFREY G. GERSON
ROCCO P. LASTRAO
JOHN B. MULLABY

OF COUNSEL
MARIBETH SLEVIN
SHERRI M. PELDMAN

JACQUELINE MANDELL

JONATHAN D. HAMMERMAN
HEATHER LASCHEVER
CAROL S. DOTTE
BARBARA ANN M. COSTELLO
MELINDA B. MARGOLIES
JEFFREY S. WHITTINGTON
ELIZABETH O'BRIEN TOTTEN
RICHARD A. PRETTI
REBECCA KILDUFF
KRISTOFFER M. DENNIS
CHRISTINE HEENAN
BELINDA DODDS MARSHALL
JULIE A. KEEGAN
STEPHANIE K. GITLER
JEFFREY W. KLEINER
JENNIFER BIRNBAUM
MICHAEL R. JANES
R. LYON HOWARD
LEONARD B. COOPER
ANDREW R. JONES
JAMES J. DE SILVA

KEITH A. KAPLAN
VINCENT C. ANSELMO
DAVID J. SAFFRON
DOUGLAS DOMBEY
TIMOTHY E. MCCARTHY
JEFFREY A. GRALNICK
TRACEY KAISER BERTOSSI
KATHERINE J. O'BRIEN
DAMIEN SMITH
ANDREW S. KOWLOWITZ
MATTHEW M. FERGUSON
D. RYAN BLOOMQUIST
CHRISTINA LA MANCA
EDWARD R. NOBREGA
MATTHEW SPERGEL
PAUL F. CURLEY
ROBERT A. BENJAMIN
KATHRYN C. COLLINS
MAXINE C. CHULLIVAN
ELLEN R. KANDELL
BRYAN M. SHEA
PAUL E. COOPERMAN
MARLA ELT M. OGDERNE
JOSHUA B. SANDBERG

THOMAS J. GALLIVAN
EILEEN B. FULLERTON
EVERLIE B. HORUM
DENNIS F. POOLE
HYUN M. OH LEFTER
LISA D. TARKOFF
MELI SHAH
LAURA B. JUHEA
JOSEPH P. DEPAOLA
KATELIN B. O'ROURKE
BETSY PHILIP
SARA K. WALKER
KERI B. WASSERSTEIN
REMI D. FLAUSHMAN
MELISSA A. MANNING
THOMAS LOOKSTEIN

99 Park Avenue
New York, New York 10016

Telephone: 212.980.9600
Facsimile: 212.980.9291
www.kbrlaw.com

August 23, 2007

**VIA REGULAR MAIL AND
CERTIFIED MAIL
RETURN RECEIPT REQUESTED**

Janette Diller
Atticus Investments, LLC
362 Davis Ave., #1
Greenwich, CT 06830

*[handwritten: We are Atticus Investment LLC not Atticus Management, LLC — so again, you are full of shit]*

Re:    Cease and Desist use of "ATTICUS" mark

Dear Ms. Diller:

*[handwritten signature: Jeff Stone]*

This office represents Atticus Management LLC, owner of the registered service mark "ATTICUS." It was recently brought to our attention that Atticus Investments, LLC has been using the service mark of Atticus Management, LLC. Atticus Management LLC, which is the general partner to Atticus Capital LP, owns the mark "ATTICUS," a registered U.S. Federal Trademark, Registration Number 2,098,746. A copy of the federal registration is enclosed. Atticus Management LLC's first use of its mark "ATTICUS" was on January 1, 1996.

Your use of the "ATTICUS" mark constitutes a trademark infringement and confuses consumers and the public into believing that Atticus Investments, LLC is associated with, affiliated with, authorized by, or sponsored by trademark owner Atticus Management LLC, which it is not.

Atticus Management LLC demands that Atticus Investments, LLC immediately cease and desist use of the "ATTICUS" mark in any manner in the States of Delaware, New York or anywhere else it may do business in order to eliminate any likelihood of confusion and the possibility of an inaccurate affiliation with Atticus Management LLC. The unlicensed use of the "ATTICUS" mark is a violation of trademark law[1] and is not permitted, consequently we ask for immediate written assurances that you will cease and desist as well as the date on which you will last use the mark.

---

[1] See Lanham Act, 15 U.S.C. 1125(a), (d)

# EXHIBIT D



# Corporations

Online Services | Corporations | Forms | Contact Corporations | Business Services

Search
By Business Name
By Business Entity ID **Date:** 10/25/2007
Verify
Verify Certification
Online Orders
Register for Online
Orders
Order Business List
My Images
Search for Images

## Business Entity Filing History

(Select the link above to view the Business Entity's Filing History)

## Business Name History

| Name | Name Type |
|------|-----------|
| ATTICUS INVESTMENTS LLC | Current Name |

### Limited Liability Company - Domestic - Information

| | |
|---|---|
| **Entity Number:** | 3309635 |
| **Status:** | Active |
| **Entity Creation Date:** | 5/26/2005 |
| **State of Business.:** | PA |
| **Principal Office Address:** | % NATIONAL CORPORATE RESEARCH LTD |
| | PA - |
| **Mailing Address:** | No Address |

Home | Site Map | Site Feedback | View as Text Only | Employment



Copyright © 2002 Pennsylvania Department of State. All Rights Reserved.
Commonwealth of PA Privacy Statement

# EXHIBIT C

# Affidavit of Service

United States District Court, Southern District of New York
(Name of Court)

Atticus Management, LLC v. Atticus Investments, LLC Crescent Fund, LLC, Jeffrey Stone & Janette Diller Stone
(Plaintiff/Petitioner)                    (Defendant/Respondent)

07 CIV 9730
(Case #)

I declare that I am a citizen of the United States, over the age of eighteen and not a party in this action.

Service:        I served Jeffrey Stone with the Summons and Complaint by:

    1.        Mailing copies of the Summons and Complaint to Steve Kaplan, Esq., Attorney for Jeffrey Stone in an unrelated matter, via certified mail at: Rosenfeld & Kaplan, LLP, 535 Fifth Avenue, New York NY 10017 on March 20, 2008. A return receipt confirmed delivery on March 24, 2008 at 1:25 p.m.

    2.        E-mailing copies of the Summons and Complaint on March 27, 2008 to crescentfund@crescentfund.com from which a read receipt was sent on March 28, 2008 at 6:06 a.m. Japan local time.

I declare under penalty of perjury that the information contained herein is true and correct and this affidavit was executed on:

April 16, 2008        in     New York, New York
(date)                     (city)              (state)

Milli Shah, Esq.

State of New York
County of New York

Subscribed and sworn before me, a notary public this __10__ day of __April__

Witness my hand and official seal to

Notary Public

REGINA MASSENBERG
Notary Public, State of New York
No. 01MA6039817
Qualified in Kings County
Commission Expires April 10, 20_10_

# Affidavit of Service

United States District Court, Southern District of New York
(Name of Court)

Atticus Management, LLC v. Atticus Investments, LLC Crescent Fund, LLC, Jeffrey Stone & Janette Diller Stone
(Plaintiff/Petitioner)                    (Defendant/Respondent)

07 CIV 9730
(Case #)

I declare that I am a citizen of the United States, over the age of eighteen and not a party in this action.

Service:        I served Jeffrey Stone with the Summons and Complaint by:

1.        Personally serving Janille Esquilin, secretary at the offices of Rosenfeld & Kaplan, LLP, 535 Fifth Avenue, New York, NY 10017 at 12:00 p.m. on March 27, 2008 with attention to Steve Kaplan, Esq., Attorney for Jeffrey Stone in an unrelated matter.

I declare under penalty of perjury that the information contained herein is true and correct and this affidavit was executed on:

April 16, 2008    in    New York, New York
(date)                 (city)            (state)

Kadina Alanis

State of New York
County of New York

Subscribed and sworn before me, a notary public this 16th day of April

Witness my hand and official seal to

MELISSA MANNING
Notary Public, State of New York
No. 02-MA6162331
Qualified in New York County
Commission Expires: March 12, 2011

Notary Public

# EXHIBIT D

## Milli Shah

**From:**     Jeff Stone, Crescent Fund LLC [crescentfund@crescentfund.com]

**Sent:**     Thursday, March 27, 2008 5:07 PM

**To:**       Milli Shah

**Subject:** Read: Summons and Complaint re: Atticus Management LLC v. Atticus Investments LLC et al.

Your message

  To:  crescentfund@crescentfund.com
  Cc:  wakabayashi@wakabayashifund.com
  Subject:  Summons and Complaint re: Atticus Management LLC v. Atticus Investments LLC et al.
  Sent:  3/28/2008 5:32 AM

was read on 3/28/2008 6:06 AM.

**EXHIBIT E**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ATTICUS MANAGEMENT LLC,

                        Plaintiff,

        -against-

ATTICUS INVESTMENTS LLC,
CRESCENT FUND, LLC, JEFFERY STONE
and JANETTE DILLER STONE

                    Defendants.
-----------------------------------------------------------------X

Civil Action No. 07 CV 9730 (RPP)

**JUDGMENT BY DEFAULT**
**AGAINST JEFFERY STONE**

     Upon the motion for default judgment of Plaintiff Atticus Management LLC and the supporting declaration of Jonathan B. Bruno and memorandum of law, all dated April 23, 2008 it is hereby ORDERED, that judgment be entered under Fed R. Civ. P. 55(b)(2) and Local Civil Rule 55.2(b), against defendant Jeffery Stone, in the form of a permanent injunction restraining defendants from engaging in any activities in the fields of investment management and/or finance under the name "Atticus" in violation of the Lanham Act, state trademark and unfair competition law and common law and such other and further relief as this Court deems just and proper.

SO ORDERED:

Date: _____

                                      _____
                                      Hon. Robert P. Patterson

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing NOTICE OF MOTION,

DECLARATION OF JONATHAN B. BRUNO, EXHIBITS "A" - "E" and

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR

DEFAULT JUDGMENT, were served via REGULAR MAIL on the 23rd day of April

2008 upon:

      Steven Kaplan, Esq.
      Rosenfeld & Kaplan, LLP
      535 Fifth Avenue
      New York, NY 10017

and via e-mail to:

      Jeffrey Stone
      crescentfund@crescentfund.com

                                Jonathan B. Bruno